## BOMMARITO v. UNITED STATES.

### No. 9341.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1932.

Howard Sidener, of St. Louis, Mo., for appellant.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

The appellant was convicted of a violation of the Harrison Narcotic Act (26 USCA § 211, and § 691 et seq.), and from the judgment and sentence he has appealed. The evidence is not set out in the bill of exceptions, and only two questions are raised:

(1) The sufficiency of the indictment.

**356**

(2) The sufficiency of an application for the disqualification of the Judge who tried the case on the ground of prejudice under section 25, title 28, U. S. C. (28 USCA § 25).

The indictment is in all respects similar to the indictment which was sustained by this court in the case of Stokes v. United States, 39 F.(2d) 440.

The application and affidavit seeking to disqualify the judge to whom this case was assigned for trial was filed on April 7th, the day when the trial commenced, and reads as follows:

"Comes now Ben Bommarito, who states that he is a party defendant to the above action or proceeding and doth make and file this affidavit in pursuance of section 21 of the Judicial Code.

"The said Ben Bommarito, defendant as aforesaid, on his oath states that the Judge before whom this action is pending, to-wit, Honorable Charles B. Davis, has personal bias and prejudice against him and has a personal bias and prejudice in favor of the plaintiff, the United States of America, who is the opposite party to this action.

"Defendant states that he did not file this affidavit ten days before the beginning of the present term of Court for the reason that knowledge of such bias and prejudice did not come to him until this date, and he avers that said absence of knowledge is good cause for a failure to file said affidavit within ten days before the beginning of the present term of this Court. This affidavit is accompanied by a certificate of counsel of record that said affidavit and application are made in good faith.

"The facts and reasons for the belief that such bias and prejudice exists is as follows:

"He is informed and believes that persons connected with the United States Government and have a special interest in this prosecution have communicated to said Judge what they alleged to be knowledge of facts and circumstances connected with the transactions averred in the indictment, and that as a result of said communication the said Judge has an ill and unfriendly feeling against said defendant, and has formed an adverse opinion as to defendant's innocence, and now entertains the belief that there is no meritorious defense to the charge against said defendant.

"And defendant further says that the said Judge has expressed his opinion that he is biased and prejudiced against persons who are charged with alleged violations of the Narcotic Act and has on numerous occasions denounced persons who were charged with violation of the said Narcotic Act."

With reference to the affidavit of prejudice, the court below said:

"The statute provides that such an affidavit shall be filed ten days before the opening of the term. These indictments were filed on January 15, 1931. This term of Court opened on the 16th day of March, 1931. Under the statute, the affidavits should have been filed ten days before the opening of Court.

"The Court has never heard of these cases before, never heard of these defendants before calling the docket this morning, does not know anything about any of them or anything about the cases—does not even know what the indictment charges in these cases. The cases are set for trial this morning, April 7th, and these affidavits are filed on the morning of the day that the cases are set for trial.

"The affidavits contain no sufficient statement as to when and how the information mentioned by the affiant was obtained, and they are obviously—all the affidavits are obviously insufficient, don't comply with the statute even with reference to the time of filing, and in other respects fail to comply with the statute.

"For those reasons, the affidavits and applications will be overruled and denied."

To this ruling of the court, the appellant took an exception.

It will be noted that the affidavit was sworn to on the 3d day of April, 1931, but was not presented to the court until the 7th day of April, 1931. If the appellant in good faith believed and had reason to believe on April 3, 1931, that the judge who was to try this case was prejudiced, it was his duty to present his affidavit and application promptly, and he could not wait four days and until the case was called for trial, and then insist upon the judge disqualifying himself and delaying the trial until some other judge was available. The court was entirely justified in overruling the application for that reason alone. Bishop v. United States (C. C. A. 8) 16 F.(2d) 410; Rossi v. United States (C. C. A. 8) 16 F.(2d) 712.

The judgment is affirmed. Mandate will issue forthwith.