### UNITED STATES v. BUCK et al.
No. 13754.

District Court, W. D. Missouri, W. D.
March 2, 1938.

Maurice M. Milligan, Randall Wilson, Sam Blair, Richard K. Phelps, and Thomas Costolow, all of Kansas City, Mo., for the United States.

Price Wickersham, of Kansas City, Mo., and Bruce Barnett, of Joplin, Mo., for defendant Frances Ryan.

James Daleo, of Kansas City, Mo., for other defendants.

OTIS, District Judge.

This case had been set for trial on Monday, February 28, 1938 for several weeks

prior to that date. When the case was called on Monday morning, February 28, 1938, and after the plaintiff had announced ready and several motions tendered by defendants had been disposed of, the defendant Frances S. Ryan presented and filed her (second) affidavit of personal bias and prejudice. Having read and considered the affidavit we declined to disqualify and stated that a written memorandum would be filed setting out our reasons. We have always understood that the Court of Appeals welcomes a statement by the trial judge of his reasons for any action.

█ 1. One quite sufficient reason for our action in this instance is that the affidavit was not timely filed. The statute Title 28, § 25, U.S.C., 28 U.S.C.A. § 25 expressly provides that "every such affidavit * * * shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time."

The indictment in this case was returned by the grand jury on April 1, 1937. The facts which affiant says show bias and prejudice are: (1) An order of January 28, 1937; (2) Opinions filed March 1, 1937; (3) Other opinions overruling affidavits of bias and prejudice in this and other like cases by this very affiant and by other affiants, the dates of which are not given in this affidavit, but it is noticed judicially that they were filed April 13, 1937; (4) A statement made in sentencing one Maher in June, 1937 (it is judicially noticed that the exact date of that sentencing was June 29, 1937). The present term of court began Monday, November 1, 1937. Ten days before that time was October 22, 1937. To have been timely the present affidavit must have been filed on or before October 22, 1937. It was filed, as we have seen, on February 28, 1938.

█ The only exception to the requirement of the statute that an affidavit must be filed not less than ten days before the beginning of the term of court is when "good cause shall be shown for the failure to file it within such time." It appears from this affidavit that all of the facts set out, except the last, not only were known to the affiant but actually were incorporated in a first affidavit of prejudice "on or about the —— day of April, 1937". All that is said about the one additional fact stated in the present affidavit is that—"thereafter (i. e. after April, 1937) this affiant learned the other, further and additional facts." Certainly no .one even will argue that that is a showing of good cause for failure to file the affidavit ten days or more before October 22, 1937.

█ 2. This affidavit shows on its face that it is the second filed by this affiant. The statute expressly provides that—"No party shall be entitled in any case to file more than one such affidavit."

█ 3. The affidavit is clearly insufficient in its content. The statute provides that "Every such affidavit shall state the facts and the reasons for the belief that * * * bias or prejudice exists." 28 U.S. C.A. § 25. The Supreme Court has said that the facts and reasons stated must give fair support to the charge of bias and prejudice. Berger v. United States, 255 U. S. 22, 41 S.Ct. 230, 65 L.Ed. 481. The only fact newly stated in this affidavit is that in another case where the indictment was similar to that wherein affiant is charged we said in sentencing one of those convicted—

"You (Joseph F. Maher) would be entitled to the maximum penalty provided in the law, but that must be reserved for the arch-conspirators, if they are found and their guilt proved beyond a reasonable doubt."

Affiant says that she believes and she charges that "in the making of the aforesaid statement * * * in the use of the word 'arch-conspirators' (was) meant any person who was a member of the Democratic County Committee including this defendant."

But no fact whatever is stated that supports affiant's alleged belief and charge that the word "arch-conspirators", as used in the context quoted, referred either to the affiant or to members of any organization or committee. There is no logical connection whatsoever between what is alleged was said by the trial judge and the belief and charge based upon it. If it had been said that the maximum punishment under the statute should be reserved for the most responsible and greatest offender against the statute exactly that would have been said which was said. But would that have justified an affidavit of prejudice by one charged in a similar indictment merely because he might assert: "Why, the judge meant me when he spoke of 'the most responsible and greatest offender against the statute' ".

510

To say that "arch-conspirators" as used in the sentence of Maher in another case is synonymous with Frances Ryan and her fellow committeemen is, of course, absurd. But what was said about "arch-conspirators"? In what was said about them no bias and prejudice is indicated even as against them. It was said only that they should receive the maximum penalty "if they are found and their guilt proved beyond a reasonable doubt." That is no more than is said by the statute itself (which prescribes the maximum penalty for the greatest offenders) and by the law of the land.

4. We do not discuss here that part of the affidavit which was contained in the first affidavit of prejudice since we have done that elsewhere. Moreover, as we point out in a companion memorandum in this case, 23 F.Supp. 503, we consider the insufficiency of the earlier affidavit definitely has been indicated by the Circuit Court of Appeals. Walker v. U. S., 8 Cir., 93 F.2d. 792.