## UNITED STATES v. COSTEA.

### No. 27336.

District Court, E. D. Michigan, S. D.

Oct. 19, 1943.

John C. Lehr and Vincent Fordell, both of Detroit, Mich., for the Government.

U. S. A. Heggblom, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

An indictment was returned herein on September 28, 1943, charging defendant, Victor Costea, with a violation of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 301 et seq·, in failing to obey an order for induction into military service on June 26, 1943. Defendant was arraigned before this court on October 5, 1943, at which time he was represented by U. S. A. Heggblom, Esq., an attorney who has been a member of the bar of this court since 1925 and who has been defendant's counsel of record throughout these proceedings. At the arraignment defendant stood mute, and a plea of not guilty was entered by the Court, and by agreement of counsel for both parties trial was set for October 7, 1943, and defendant released upon bond. Defendant appeared with his counsel at the date set for trial, October 7, 1943, withdrew his plea of not guilty, and entered a plea of guilty. Defendant's bond was continued, and the case referred to the Probation Department for a pre-sentence investigation. The report of the Probation Department was received and duly considered by the Court, and today set as the date for sentence. When the defendant was called for sentence today and asked whether he had anything to say why judgment should not be pronounced, his counsel presented for filing a document labelled "Affidavit of Prejudice and that the Defendant be Sentenced by any other Court in the District Court of the United States for the Eastern District of Michigan, Southern Division." This affidavit states in general terms that the Court has shown prejudice against violators of the Selective Service & Training Act by imposing the maximum sentence of five years. The affidavit appears to have been made and subscribed to on October 7, 1943. No explanation was offered as to delay in filing it, and it was not accompanied by a certificate of counsel of record that it was made in good faith, as required by the applicable statute.

When an affidavit of this kind is presented, the Presiding Judge must pass upon its legal sufficiency, but not upon the truth or falsity of the facts alleged. Refior v. Lansing Drop Forge Co., 6 Cir., 124 F.2d

4

440, certiorari denied 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746; Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Shea v. United States, 6 Cir., 251 F. 433, certiorari denied 248 U.S. 581, 39 S.Ct. 132, 63 L.Ed. 431.

Apparently, defendant's counsel thought he was presenting this document in accordance with the provisions of 28 U.S.C.A. § 25. It was conceded by counsel at the time of sentencing that the defendant was clearly guilty of the offense charged, and that the only purpose in filing this document was the defendant's opinion that some other Judge might impose a lighter sentence. This statute is not for the accomplishment of such a purpose, nor has any Judge the right to evade his official duty by voluntarily withdrawing at the request of a defendant. This statute provides for the filing of an affidavit before hearing, and has no application after a plea of guilty has been entered.

It being perfectly clear that the affidavit was legally insufficient, and did not comply with the provisions of the statute, it follows that the affidavit of prejudice and application for disqualification must be, and the same are hereby, overruled and stricken from the files.

See also: Bommarito v. United States, 8 Cir., 61 F.2d 355; United States v. Buck, D.C., 23 F.Supp. 508, appeal dismissed 8 Cir., 102 F.2d 976; Mitchell v. United States, 10 Cir., 126 F.2d 550.