### TAYLOR v. UNITED STATES.
### TAYLOR v. SQUIER, Warden (two cases).
### Nos. 12272, 12307, 12385.

United States Court of Appeals
Ninth Circuit.
Jan. 19, 1950.

Rehearing Denied Feb. 9, 1950.

642

Herbert A. Waterman, San Francisco, Cal., Earl W. Taylor, in pro. per., for appellant.

Frank J. Hennessy, U. S. Attorney, Robert B. McMillan, Asst., U. S. Atty., Ernest R. Mortenson, Sp. Attorney, Bureau Internal Revenue, San Francisco, Cal., for the United States.

J. Charles Dennis, U. S. Attorney, Guy A. B. Dovell, Asst. U. S. Attorney, Tacoma, Wash., for appellee Squier.

Before STEPHENS, HEALY and BONE, Circuit Judges.

PER CURIAM.

Three appeals involving the same litigant were consolidated for hearing and disposal on appeal.

No. 12,272

Earl W. Taylor was indicted in the United States District Court for the Northern District of California, Southern Division, on four counts for violations of the Internal Revenue Code. He pleaded guilty to count two, whereupon the United States Attorney moved for, and was granted, dismissals of the remaining three counts. After imposition of sentence appellant moved to vacate the judgment and set aside the sentence on the grounds that at the time of arraignment he was mentally incompetent, and that at the time of judgment and sentence the trial court was biased and prejudiced against appellant. This appeal is from the order denying the motion.

Prior to ruling on the motion the trial court appointed two reputable psychiatrists (one of whom was named on the recommendation and suggestion of appellant's counsel who ably represented appellant at every stage of the proceedings below) who conducted an examination into appellant's mental condition. They reported that he was highly neurotic but was legally and mentally competent and had been so at the time of sentence and the time of plea and prior thereto. The trial court so found and the record clearly substantiates this finding.

No affidavit of bias and prejudice was filed, and had one been filed at this stage of the proceedings we think it would have been lacking in the timeliness required by 28 U.S.C.A. § 144. A defendant cannot take his chances with a judge and then, if he thinks that the sentence is too severe, secure a disqualification and a hearing before another judge. However, appellant argues that in this case the prejudice grew out of irrelevant and prejudicial hearsay testimony given (over objection) subsequent to the plea and prior to sentence by an agent of the Internal Revenue Bureau which testimony related to alleged unlawful activities which had no exact relation to the crime charged and for which he had never been convicted; that due process of law requires an unbiased tribunal and fair procedure at every stage including pre-sentence proceedings, and that a sentence based in part upon such testimony should be set aside, else the denial of liberty will be without due process of law.

Rule 32 of the Criminal Rules, 18 U.S.C.A., gives the court very wide discretion regarding matters it may take into consideration in determining punishment. Due process of law does not limit the contents of a pre-sentence report to

information which would be admissible under rules of evidence applicable to the trial, Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, rehearing denied 337 U.S. 961, 69 S.Ct. 1529. The testimony called for by the court was not inappropriate for its consideration and the fact that it was taken in open court (and the witness cross-examined by appellant's attorney) rather than in chambers or in a written report cannot be said to have injured appellant. In any event, appellant's record of prior criminal convictions fully justified the maximum sentence which was imposed.

The trial court correctly denied the motion.

### No. 12,307

After Taylor was taken to the United States Penitentiary at McNeil Island, Washington he filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Washington, Southern Division, basing it on the ground that his imprisonment was premature because an appeal was pending and on the additional ground that the prison rules, which prevented access to lawbooks necessary to prepare his appeal, denied him due process of law. This appeal is from the order dismissing that petition.

■ No appeal was taken from the judgment under which appellant was convicted; as indicated above, the only appeal was from the order denying a motion to vacate the sentence. Therefore, Rule 38 of the Criminal Rules providing for relief pending review had no application. His imprisonment was not premature.

■ It is not within the province of the courts to supervise the treatment of prisoners in the penitentiary, but only to deliver from prison those who are illegally detained there. Shepherd v. Hunter, 10 Cir., 163 F.2d 872; Sarshik v. Sanford, 5 Cir., 142 F.2d 676. Prison rules concerning the use of lawbooks could not change the legality or illegality of appellant's detention.

The trial court correctly dismissed the petition.

### No. 12,385

This appeal is from an order of the United States District Court for the Western District of Washington, Southern Divison, dismissing another petition for a writ of habeas corpus. Ground for the petition was that the indictment under which appellant was convicted failed to state an offense because the section of the Code under which the indictment was laid had been repealed by implication by subsequent amendments to the Internal Revenue Code.

■ The indictment charged appellant with, in violation of 26 U.S.C.A. § 145(b), a willful attempt to defeat and evade his income tax by filing a false return. That section makes it an offense to willfully attempt "in any manner to evade or defeat any tax * * *." Appellant contends that the indictment (if it charges any offense) actually charges an offense under § 145(c) for which a lesser penalty is prescribed. Section 145(c), which was added to the Code by Act of October 21, 1942, 56 Stat. 836, reads: "(c) Any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to every material matter, shall be guilty of a felony, and, upon conviction thereof, shall be subject to the penalties prescribed for perjury in section 125 of the Criminal Code." It will be noted that the quoted section prohibits *making and subscribing* a false return, while the indictment charged an attempt to evade the tax by *"filing* and causing to be filed with the Collector" a false return. Congress may make each separate step in a prohibited transaction a separate offense, Catrino v. United States, 9 Cir., 176 F.2d 884. Filing a false return with the Collector clearly includes a separate element from the offense of "making and subscribing a false return." We hold that the indictment sufficiently charged a violation of 26 U.S.C.A. § 145 (b), under which appellant was convicted on his plea of guilty.

■ Appellant further argues that 26 U.S.C.A. § 3616, (which makes it a misdemeanor to deliver or disclose to the col-

644

lector "any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made * * *.") repealed by implication § 145 (b) insofar as the latter section might be construed to prohibit the evasion of income taxes by filing false returns. The legislative history of the two sections reveals that § 3616 was originally enacted long prior to the enactment of § 145(b). It goes without saying that an existing statute cannot repeal, by implication or otherwise, a subsequent enactment. Both of these sections were re-enacted in the 1939 general codification of the Internal Revenue Code, 53 Stat. 62, 440. We further note that the penalties provided in § 145(b) are made expressly "in addition to other penalties provided by law."

▆▆▆ Together with the petition for the writ, appellant filed an affidavit of bias and prejudice. He contends that the trial judge erred in failing to disqualify himself. The affidavit merely alleged, in substance, that the judge was biased and prejudiced against appellant because he had held against appellant in a series of former writs. The trial court ruled that the facts and reasons stated in the affidavit were insufficient to charge that degree of personal bias and prejudice required by 28 U.S.C.A. § 144. We agree. Apparently appellant believed that filing an affidavit would automatically disqualify the trial judge. It is well settled that the trial judge has authority in the first instance to pass upon the sufficiency of the affidavit, Price v. Johnston, 9 Cir., 125 F. 2d 806, 811; and see extensive discussion in Cole v. Loew's Inc., D.C., 76 F.Supp. 872. In any event, any error in this regard would have been harmless since the only question before the court was one of law, and leave to appeal in forma pauperis was granted.

The trial court correctly dismissed the petition.

The three orders appealed from are affirmed.