## TAYLOR v. UNITED STATES.
### No. 12453.

United States Court of Appeals
Ninth Circuit.
May 23, 1950.

Writ of Certiorari Denied June 5, 1950.
See 70 S.Ct. 1010.

---

4. There was no proof as to how much of the corporation's stock the defendant owned.

474

Earl W. Taylor, in propria persona.

Frank J. Hennessy, U. S. Atty., R. B. McMillan, Asst. U. S. Atty., Walter M. Campbell, Atty., Office of Chief Counsel, B. I. R., all of San Francisco, Cal., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

In Taylor v. United States, No. 12,272, 9 Cir., 179 F.2d 640, this court affirmed the order of the trial court which denied petitioner's motion to vacate the judgment and sentence which had been entered upon his plea of guilty to a violation of the Internal Revenue Code. In Taylor v. Squier (2 cases) Nos. 12,307 and 12,385, 9 Cir., 179 F.2d 640, we affirmed the dismissal by the trial court of two petitions for writs of habeas corpus which petitioner had filed therein. Rehearings on these three cases were denied February 9, 1950.

In Taylor v. United States, No. 12,453, 9 Cir., 180 F.2d 1020, upon motion of the United States, we dismissed the appeal from the trial court's denial of petitioner's motion to reduce his claimed illegal sentence. The dismissal was granted upon the ground that the issues raised on the appeal had been previously adjudicated by this court in our opinions deciding petition-er's prior appeals. Rehearing was denied on April 26, 1950.

Petitioner has filed this his second petition for rehearing in case No. 12,453, in which he argues that this appeal does present new issues, not heretofore adjudicated. In support of this contention he has filed with the petition copies of minute orders of the sentencing court and copies of the reporter's transcript of the proceedings had in connection with his arraignment and plea. He contends that these records show that he was not furnished with a copy of the indictment prior to his plea (as required by Federal Rules of Criminal Procedure, rule 10, 28 U.S.C.A.), and that the court accepted his plea of guilty without first determining that it was made voluntarily with an understanding of the nature of the charge (as required by Federal Rules of Criminal Procedure, rule 11).

These contentions were not presented to the court below. However, in order to insure against depriving petitioner of any element of fundamental fairness by the inexorable application of formal rules of procedure, we· have considered petitioner's contentions and find them without merit.

The record shows that petitioner appeared at the arraignment with an attorney of his own choosing; that through his attorney he waived formal reading of the indictment; that a copy of the indictment was handed either to petitioner or to his attorney, whereupon at the latter's request, a continuance of one week was granted for the purpose of considering a plea. A week later petitioner again appeared in court with his attorney and, after the United States Attorney announced that he would move for dismissal of the remaining counts, petitioner personally pleaded guilty to the count of the indictment under which he is now serving sentence. Petitioner's attorney then stated to the court: "The decision of the defendant to plead guilty * * * was made after serious consultation with me, in the present period. I think he searched his own conscience at that time and asked himself whether he was guilty of all four counts or whether he was guilty of one. Upon his direction and his own

conviction that he is guilty of the one, I have so represented to the court \* \* \*." Petitioner apparently acquiesced in this statement for when asked whether he had anything to say before sentence was pronounced, he replied, "No, Your Honor."

These are the circumstances shown in the record and we think that petitioner's contention that he had not seen the indictment and did not understand the nature of the charge before he entered his plea is patently fallacious. An indicted person who is actually present in open court and represented by an attorney of his own choosing is bound by the statements of his attorney made in his presence and with his apparent acquiescence and understanding. See United States v. Denniston, 2 Cir., 89 F.2d 696, 110 A.L.R. 1296, where a plea of guilty entered by counsel in the presence of the accused was upheld. Cf. Eury v. Huff, 4 Cir., 141 F.2d 554; Fukunaga v. Territory of Hawaii, 9 Cir., 33 F.2d 396, 397.

From the record in this case and in petitioner's previous appeals we think it clear that his case was given thoughtful consideration by the court below. His dissatisfaction apparently stems from the fact that the sentence pronounced by the trial court was a longer one than he had hoped for. However, it did not exceed the maximum allowed by law, and is not subject to review in this court. Berg v. United States, 9 Cir., 176 F.2d 122, 126; United States v. Minuse, 2 Cir., 142 F.2d 388, 390.

Petition denied.