### UNITED STATES v. GOO.
### Cr. No. 10284.

United States District Court
D. Hawaii.
June 7, 1950.

Ray J. O'Brien, U. S. Atty., District of Hawaii, Howard Hoddick, Asst. U. S. Atty., District of Hawaii, Nat Richardson, Jr., Asst. U. S. Atty., District of Hawaii, all of Honolulu, T. H., for plaintiff.

Robertson, Castle & Anthony, J. Garner Anthony, Peter A. Lee, all of Honolulu, T. H., for defendant.

McLAUGHLIN, Judge.

Heretofore on May 31, 1950, a memorandum was filed recording the reasons for denying defendant's motion under Rule 32 (d), Federal Rules Criminal Procedure, 18 U.S.C.A., for a change of plea. The motion being denied, 10 F.R.D. 332, judgment and sentence followed.

Upon giving notice of appeal, the question arose as to whether or not, pending appeal, execution of sentence should be stayed and the defendant admitted to bail.

Defendant's major contention upon appeal is that *before* sentence he had an unqualified right to change his plea, and hence his motion should have been granted as a matter of course. This Court's ruling that the grant of such motions, whether made before or after judgment and sentence, rests within the area of judicial discretion— despite the inference of Rule 32(d)—is therefore assigned as error.

Defendant's subsidiary contention is that even if the above ruling was right, the Court, upon the evidence, abused its discretion in denying the motion.

All of the examined cases upon the point (even before the new rules), including the most recent ones, such as Taylor v. United States, 9 Cir., 1950, 179 F.2d 640; Id., 9 Cir., 182 F.2d 473 and United States v. Searle, 7 Cir., 1950, 180 F.2d 209, are, to be sure, instances of a motion made *after* sentence, and there is no intimation that the rule is different as to a motion made *before* sentence.

It is because of this lack of unequivocal authority in the *before* area, plus the possible inference from Rule 32(d), that defendant predicates his basic hopes upon appeal.

Of defendant's right to appeal, there is no question; that is clearly an unqualified right. But should he, having plead guilty, be admitted to bail?

Though "judges are apt to be naive men," as Circuit Judge Healy attributes to Justice Holmes in Hardyman v. Collins, 9 Cir., 1950, 183 F.2d 308, the transparency of this appeal allows one to see way back into the record to the time the Court first indicated that it usually sent tax evaders to

338

prison. I cannot see much merit to the *before* and *after* distinction, in point of substantive law, especially in these days of required pre-sentence reports, Rule 32(c)(1). A defendant may upon seeing the shadow of things to come suddenly, for obvious reasons, wish to change his position *before* sentence, as well as wish after a disliked sentence to gamble anew in hopes of getting a different and lighter sentence. If a motion to change a plea of guilty to one of not guilty must be granted as of right without any adequate supporting reasons, what is there to prevent a defendant with a gambling instinct from announcing, by way of interruption, as the Court says the first few words of the formula by which defendants are committed to the Attorney General's custody for imprisonment, that he wishes to change his plea? If there be a right to change a plea before sentence, it must exist even under such circumstances.

Then, too, even the Congress in Section 3772 of Title 18 United States Code Annotated, in giving the Supreme Court power to prescribe procedure after verdict, spoke only of preserving the "right * * * to *apply for* withdrawal of a plea of guilty * * * before sentence * * *" [italics added], and not of an absolute right. It seems to me that the asserted right must, both before and after sentence, be predicated upon good and sufficient reasons, or it cannot be exercised.

However, it is not for me to review my own ruling. I well may be in error—again! The spirit of D'Aquino v. United States, 9 Cir., 1950, 180 F.2d 271, 272, by Circuit Justice Douglas prompts me to say that upon an inference from Rule 32(d) and in the absence of decided cases stating clearly the rule by which motions to change pleas *before* sentence are to be disposed of, the question is "fairly debatable (i. e. substantial)" under Rule 46(a) (2).

In any event I would rather be reversed than take from a man days of freedom which can never be restored to him. By admitting defendant to bail, as I do, he will serve no less time if my ruling be sustained.

Bond set in the sum of Five Thousand Dollars ($5,000).