Ellis Jackson MARTIN

v.

**TEXAS INDEMNITY INSURANCE COMPANY and United Transports, Incorporated.**

**Civ. No. 8234.**

United States District Court
N. D. Texas,
Dallas Division.
Sept. 26, 1962.

478

---

Curtis Hill, Dallas, Tex., for plaintiff.

Gordon Rowe, Jr., Dallas, Tex., for defendants.

BREWSTER, District Judge.

This case was filed by the same attorney who represented the plaintiff in Hanna v. Home Insurance Company, 5 Cir., 281 F.2d 298, certiorari denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747, petition for rehearing denied, 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247. The theory of each case is the same, and this case must be dismissed for the same reason given for so disposing of the Hanna case.

The parties named in the complaint are Ellis Jackson Martin, a resident of Tarrant County, Texas, plaintiff, and Texas Indemnity Insurance Company, a Texas corporation with its principal place of business in Galveston County, Texas, and United Transports, Incorporated, a Missouri corporation, defendants.

The grounds of jurisdiction alleged in the complaint are:

"(a) This action arises under the Fourteenth Amendment to the Constitution of the United States, Sections 1 and 5, U.S.C.A., Title 42, Sections 1981, 1985(2) and (3), 1986 and 1988 and U.S.C.A. Title 18, Sections 241, 242, 371 and 1503. The matter in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand and no/100 ($10,000.00) Dollars, hence this court has jurisdiction under U.S.C.A. Title 28, Section 1331.

"(b) This action arises under the Fourteenth Amendment to the Constitution of the United States, Sections 1 and 5, U.S.C.A. Title 42, Sections 1981, 1983, 1985(2) and (3), 1986 and 1988 and U.S.C.A. Title 18, Sections 241, 242, 371 and 1503, hence this court has jurisdiction under U.S.C.A. Title 28, Section 1343."

Each one of the defendants has filed a motion to dismiss on several grounds, including the ones that this Court has no jurisdiction and that the complaint fails to state a claim upon which relief may be granted. Their briefs filed in support of such motions rely primarily upon Hanna v. Home Insurance Company, supra.

This case is filed in the Dallas Division of the Northern District of Texas. It has been assigned to this Judge, who is based at Fort Worth. After he had studied the pleadings and briefs on file, he wrote a letter to the attorneys for the respective parties stating that the motions to dismiss, supported by briefs, appeared to raise some serious questions. Attention was called to the fact that counsel for the plaintiff had filed no briefs on the question, and he was directed to furnish briefs by a certain date. The letter further stated that the Court would call for oral argument on the motions only in the event that it appeared advisable after consideration of the briefs. The plaintiff filed no brief by the allotted time; but, on account of circumstances that will be understood only by those judges who have dealt with counsel for the plaintiff in the last few years, the plaintiff was given additional time by withholding action on the motions. He has never filed any briefs; and the Court is of the opinion that such motions should now be decided.

■ Both this case and the Hanna case are predicated upon the claim that the respective plaintiffs suffered damages as a result of separate conspiracies violative of the federal Constitution that brought about unfavorable judgments

against each of the plaintiffs in his own court action. In Hanna, the case in the state court was for personal injuries arising out of an automobile accident, while in this case, the plaintiff's suit in the state court was for workmen's compensation for a hernia. The alleged conspiracy which caused Hanna to suffer an adverse judgment involved employees and attorneys of the public liability insurance carrier, the district judge, the court reporter and the clerk of the state court, the constable and his deputies, and the judges of the Court of Civil Appeals and of the Supreme Court of Texas who decided the case on appeal. In the present case, the alleged conspiracy was between the attorneys for the compensation insurance company, the agents of the plaintiff's employer, and the several district judges who presided at various stages of the proceedings in the state court; and it resulted in a dismissal for want of prosecution rather than in an adverse judgment on the merits. Briefly stated, it was the theory of the plaintiff in the present case that his compensation case in the state court was wrongfully postponed by the trial judge who happened to be presiding at the time; that finally it was set for trial at a time when every one knew that the plaintiff would probably be in the penitentiary and unable to appear; that when he was unable to be present at his trial for that reason, the trial judge, in furtherance of the conspiracy with the representatives of the employer and of the compensation carrier, dismissed the case for want of prosecution. It appears from the plaintiff's pleadings that while his injury totally disabled him from doing honest work, it was not serious enough to keep him from attempting to rob a bank; that, as alleged by the plaintiff on page 15 of Exhibit A to his complaint, he insisted in the state court that the probability of his being unable to appear for trial should be taken into consideration in the setting of the compensation case "since plaintiff's criminal appearance bond had been set by the local United States Commissioner at $50,000.00, indicating the offense of attempted bank robbery to be a serious one, with available strong proof of plaintiff's guilt"; that in spite of such insistence, the setting was made at a time that conflicted with plaintiff's schedule; that when the case was called for trial, the plaintiff was in the penitentiary and therefore not present; that the judge dismissed the case for lack of prosecution, thereby carrying out the alleged design to prevent the plaintiff from recovering on his compensation claim. The only other difference in the two cases is that Hanna's suit in the federal court was for $49,500,000.00, while the loss of the plaintiff's relatively small workmen's compensation claim ($10,000.00 estimated lump sum value) has justified him in asking only for the chicken-feed sum of $699,165.56⅔. The fact that he fixes one of the items of damage at $7341.66⅔ evidences a strong effort towards accuracy in this case, which may have been missing in Hanna, and which may therefore account for some of the variance in the amounts claimed in the two cases.

It is readily apparent that differences between this case and the Hanna case are not sufficient for the plaintiff here to avoid the application of the principles announced in the Hanna decision. There is no necessity to dignify a claim of this character by a detailed discussion, particularly when it is made by the same attorney for the second time.

The plaintiff's motion to disqualify the author of this opinion has put this Court in the same class as the distinguished conspirators named in the Hanna case, as the judges and attorneys named in the complaint and accompanying exhibits in this case, and as those "several persons of the Bench and Bar of the State of Texas" unidentified, but mentioned generally, in the plaintiff's affidavit to disqualify Judge T. Whitfield Davidson in the present case. The motion is based upon the allegations that Chief Judge Tuttle did not assign this Judge to this case, and that this Judge

has a personal prejudice against plaintiff and a bias in favor of the defendants. This Judge is one of the regular judges of the United States District Court for the Northern District of Texas, and as such is empowered to preside over any case in the district without special assignment. The Chief Judge of the district requested that this Judge preside over the trial of this case. There is no prejudice or bias on the part of the author of this opinion. There is no more basis for such charge than there has been for the accusations made by the attorney for the plaintiff against the various judges and officers through whose hands this case and the Hanna case have passed. The opinion in the Hanna case mentions at page 302 that the Supreme Court of Texas ordered stricken the application for writ of error filed by such attorney, "because it contained language disrespectful of the trial court and the Court of Civil Appeals and unbecoming of an attorney." Such action and comment have not curbed the conduct of the plaintiff's attorney. 28 U.S:C.A. § 144 imposes a bag limit of one judge for a party to disqualify by the character of motion under consideration here. Since a similar motion was filed in this case by the plaintiff to disqualify Judge Davidson, the motion to disqualify the present Judge is therefore overruled.

It may be said in passing that this Judge is exerting every effort to show the same patience as the numerous other judges who have been attacked by the attorney for the plaintiff. However, this man must realize somehow that he has worn judicial patience to the point where he would have every reason to expect it to be very thin; and that, regardless of his circumstances, proper steps may have to be taken by the judiciary to protect itself against any further unwarranted and unjustified attacks by him.

For the reasons stated, the Court is of the opinion that it is not necessary to hear oral arguments on the motions to dismiss, and that such motions should be granted.

It is ordered that this case be and the same is hereby dismissed for failure of the complaint to state a claim within the jurisdiction of this Court.