**UNITED STATES of America**

v.

**James R. HOFFA, Thomas Ewing Parks, Larry Campbell, and Ewing King.**

**Cr. No. 11989.**

United States District Court
E. D. Tennessee, S. D.

Sept. 22, 1965.

See also D.C., 235 F.Supp. 611.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Fred M. Vinson, Jr., Robert S. Erdahl, Charles W. Shaffer, Jr., Theodore George Gilinsky, Dept. of Justice, Washington, D. C., for the United States.

James E. Haggerty, Sr., Detroit, Mich., Harold E. Brown, Chattanooga, Tenn., for James R. Hoffa.

Jacques M. Schiffer, New York City, for Thomas Ewing Parks.

Cecil D. Branstetter, Nashville, Tenn., for Larry Campbell.

Harold E. Brown, Chattanooga, Tenn., for Ewing King.

FRANK W. WILSON, District Judge.

The defendants were convicted on March 4, 1964, of willfully endeavoring to influence, intimidate and impede jurors in the discharge of their duties, in violation of the Federal Obstruction of Justice Statute (18 U.S.C. § 1503). Upon appeal the convictions were affirmed by the Court of Appeals by a unanimous

opinion filed July 29, 1965, 6 Cir., 349 F.2d 20. The case is now before this Court upon a motion for a new trial alleging newly discovered evidence and upon a motion filed by the defendant Hoffa, and subsequently joined by the other defendants, seeking to disqualify the undersigned as the presiding judge and alleging bias at the time of the trial. This motion to disqualify is based upon a purported affidavit obtained 18 months after the trial and within a few days after the United States Court of Appeals affirmed the conviction of the defendants. The affidavit purports to be that of a woman who identifies herself as one Marie Monday and who, in further affidavits in support of the motion for new trial, identifies her occupation as that of a prostitute who frequented the rooms of the jurors. The affidavit represents that someone who identified himself as the presiding judge in the trial of the defendant Hoffa, and whom she now identifies as such, visited her at the Read House Hotel where the jury was quartered during the course of the trial in January and February 1964 and confided in her that he was biased against the defendant Hoffa.

The Government has filed a motion to strike the motion to disqualify.

The affidavit upon which the motion to disqualify is based is a complete and total fabrication and fraud. The facts are:

(1) The undersigned has never known nor ever been introduced to the person described in the purported affidavit as Marie Monday, nor has the undersigned ever had any conversation with such a person at *any* time or place about *any* subject, including *any* matter relating to the trial of James R. Hoffa or any defendant in this case.

(2) The undersigned was never in nor in the vicinity of the Read House Hotel, Chattanooga, Tennessee, during the entire course of the trial of the case of United States of America v. James R. Hoffa, et al, extending from January 20, 1964, through March 6, 1964, and including the date of sentencing upon March 12, 1964, having deliberately avoided going there for any purpose during the said trial in view of the fact that the jury trying the case was quartered and sequestered at the said hotel.

(3) The undersigned has never made the statement "that he was in charge of the Hoffa trial" or that "Hoffa was going to get what was coming to him this time and he was going to see to it that he did" or "don't you worry, he is going to be convicted because he (Wilson) was in charge of it," nor anything bearing any resemblance to such statements to *any* person at *any* time or in *any* place, including the person identified as Marie Monday, the place identified as the Read House Hotel, and the time identified as during the course of the trial of this case.

(4) The undersigned has never held any bias or prejudice nor acted as a result of any bias or prejudice against the defendant, James R. Hoffa, nor against any defendant in this case, nor has he held any bias or acted as a result of any bias in favor of the prosecution. Each and every action of the Court is a matter of record in the case and was taken solely on the basis of the evidence and in accordance with the law, irrespective of the party or parties affected thereby. For example, this Court directed a verdict of acquittal for the defendant, James R. Hoffa, at the conclusion of the evidence upon one count upon which the Court deemed that the evidence was insufficient to submit to the jury. The record of the trial and each action of the Court has now been carefully and fully reviewed by the United States Court of Appeals and found to be free of error.

The defendants contend, however, that the truth or falsity of the affidavit is irrelevant and cannot be asserted to defeat the motion to disqualify. As unusual as this may seem, this is a correct statement of the present law under 28 U.S.C. § 144, upon which the motion to disqualify is based.

This statute provides as follows:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

In the case of Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, with three justices dissenting, the Court held that under the language of the foregoing section, upon the filing of an affidavit of personal bias or prejudice against a judge, the truth or falsity of the facts asserted cannot be passed upon but that, regardless of whether the judge is in fact biased or prejudiced, he must assume the facts as stated in the affidavit to be true and pass only upon the legal sufficiency of the affidavit and motion. See also Taylor v. United States, 9 Cir., 179 F.2d 640; Refior v. Lansing Drop Forge Co., 6 Cir., 124 F.2d 440.

■ However, even though the falsity of the affidavit is not permitted to be asserted as a basis for denying the motion to disqualify, and even though the fact of bias is not required to exist, the statute makes other requirements before a judge is to be declared disqualified. One of these requirements is that "a party may file only one such affidavit in any case." In this case the defendant, James R. Hoffa, filed such an affidavit against Judge Frank Gray under date

of December 10, 1963. Although Judge Gray held the affidavit legally insufficient to require his disqualification, he nevertheless withdrew from the case. It was as a consequence of the withdrawal of Judge Gray following the filing of the affidavit against him that the undersigned was designated to try the case. Having heretofore filed one such affidavit, in accordance with the express provisions of the statute, the defendant is not permitted to file a second against another judge. Otherwise, the defendant could file successive motions and affidavits to disqualify each judge designated to try the case and thereby prevent any disposition of his case.

As stated in the case of Allen v. duPont, D.C., 75 F.Supp. 546, at page 549:

"If the affidavit filed in this case is to prevail conceivably every judge in the Federal system might in monotonous succession be given the same sort of passport and our judicial procedure be rightly made the subject of ridicule and contempt."

See also United States v. Buck, D.C., 23 F.Supp. 508 and Martin v. Texas Indemnity Ins. Co., D.C., 214 F.Supp. 477. As stated by the Court in the latter case at page 480:

"28 U.S.C.A. § 144 imposes a bag limit of one judge for a party to disqualify by the character of motion under consideration here."

In the second place, the statute requires that the affidavit be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." In the present case the motion was filed, as mentioned above, 18 months after the trial of the case and within a few days after the conviction of the defendant had been affirmed upon appeal.

In the case of Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379, the Court held that Section 21 of the Judicial Code (the forerunner of the present Section 144) "was never

intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard. This is the plain meaning of the requirement that the affidavit shall be filed not less than ten days before the beginning of the term."

This was re-affirmed in the case of Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, in the following language:

"The section permits only the affidavit of a party, and Ex parte American Steel Barrel Co., supra, decides that it must be based upon facts antedating the trial, not those occurring during the trial."

See also Knapp v. Kinsey (C.C.A. 6, 1956) 232 F.2d 458, wherein the Court held that Section 144, Title 28 U.S.C., is not directly applicable to proceedings wherein the claimed bias or prejudice appears during the course of the trial.

In the case of Ex parte Glasgow, 5 Cir., 195 F. 780, the Court held that Section 21 of the Judicial Code (the forerunner of Section 144) did not authorize an affidavit to disqualify a judge from ruling on motions in arrest and for new trial. See also Taylor v. United States (C.C.A.9, 1950) 179 F.2d 640, wherein the Court held that an affidavit of bias and prejudice filed in the district court on a motion to set aside judgment and sentence would not be timely.

In this case there is a total lack of showing of any facts upon which diligence might be inferred. The same diligence which produced the affidavit within a few days after affirmance of the defendants' convictions upon appeal could doubtless have produced it at any prior time. That the existence of prostitutes as a source of affidavits had occurred to the defendants at a much earlier stage in these proceedings is shown in the affidavits upon the original motion for a new trial wherein deputy marshals were charged with misconduct.

A further defect in the motion to disqualify is the failure of the motion to be accompanied by a proper certificate of good faith executed by counsel of record. In this the Court is not referring to the issue of fact that may exist as to the truth or falsity of the certificate of good faith, although the existence of an issue of fact upon the certificate has never been ruled upon by the appellate courts. (Berger v. United States, supra, was limited to the non-contestability of the affidavit of bias.) Rather, the Court is referring to the fact that counsel of record for the defendant Hoffa upon the trial of this case was Attorney Harry Berke, and that Mr. Berke has not joined in the certificate of good faith on behalf of the defendant Hoffa stating his belief in the truth of the affidavit of Marie Monday. James Haggerty, Sr., an attorney of Detroit, Michigan, has filed the certificate of good faith along with Harold E. Brown, an attorney of Chattanooga, Tennessee. Mr. Haggerty is not a member of the bar of this court. Mr. Brown, while a member of the bar of this court, was not the attorney of record for the defendant Hoffa upon the trial of the case, but rather was the attorney of record for the defendant King. The omission of the certificate of good faith upon the part of counsel of record for the defendant Hoffa at the time of the trial is a significant omission.

The requirement that local counsel of record in the trial of the case execute the certificate of good faith is not a technical one. Rather, it is a matter of substance. Counsel not admitted to practice in this court but appearing only specially in one case for one defendant, is obviously not subject to the same restraint as an attorney who regularly practices before the Court and would not be as liable to use the care and restraint of an attorney regularly practicing in the court. The present case is a classic example of this fact. Mr. Haggerty has filed a telegram in which he authorizes

an attorney in Washington, D. C., who has never been an attorney of record in this case, as follows:

"YOUR ARE HEREBY AUTHORIZED TO AFFIX MY SIGNATURE ON ALL PAPERS AND DOCUMENTS IN CONNECTION WITH THE CASE OF THE UNITED STATES VERSUS JAMES R. HOFFA, ET AL IN THE UNITED STATES DISTRICT COURT IN CHATTANOOGA, TENNESSEE."

Even in this electronic era, practice by wire has yet to be fully accepted by the Courts as a substitute in all situations for personal participation.

■ As with counsel not admitted, likewise so it is with counsel, who, though admitted to practice in this court, was not counsel of record at the time of the trial but who rather was hired specifically to file the certificate of good faith. It is obvious that such counsel will not be in position to make as meaningful a certificate of good faith as would counsel of record in the trial and further would not be as likely to use the care and restraint in certifying good faith as would otherwise be the case were his employment not directly related to the filing of the certificate, and that only.

In the case of Currin v. Nourse, (C.C.A. 8, 1934) 74 F.2d 273, at page 275, the Court stated:

"  *  *  *  The section of the applicable statute (section 21 Judicial Code, title 28 USCA § 25) provides that 'no such affidavit [an affidavit of bias and prejudice] shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.' The phrase 'counsel of record' in the statute means an attorney at law admitted to the bar in the case. One who is not a member of the bar cannot be counsel of record even though the record on its face may show he had undertaken to appear as counsel. Since Mr. Payne was not on the date of the filing of either of the affidavits a member of the bar of the court, he could not then or at any earlier time have been counsel of record in the case for either of the affiants. The purpose of the provision of the statute requiring certificate of good faith by counsel of record is that the court may be assured that the affidavit is made in good faith through the certificate to that effect made by one who is a sworn officer of the court, regularly admitted as an attorney to practice at the bar of the court. The requirement is not technical. It is one of the essential requirements of the statute. As the affidavits were not certified to be made in good faith by counsel of record, the motions to strike them for insufficiency in law were properly sustained and Judge Otis 'having,' as he stated, 'no consciousness whatever of any prejudice against any of the parties or in favor of any,' the duty to continue with the hearing on the matter of confirmation of the sale remained upon Judge Otis. Klose v. United States (C.C.A. 8) 49 F.(2d) 177; Cuddy v. Otis (C.C.A. 8) 33 F.(2d) 577; Morse v. Lewis (C.C.A. 4) 54 F.(2d) 1027; Saunders v. Piggly Wiggly Corp. (D.C.) 1 F.(2d) 582; Benedict v. Seiberling (D.C.) 17 F.(2d) 831; Ex parte Fairbank Co. (D.C.) 194 F. 978."

■ See also the cases of Mitchell v. United States, 10 Cir., 126 F.2d 550, at page 552; Beland v. United States, 5 Cir., 117 F.2d 958, at page 960; United States v. Garden Homes, Inc., D.C., 113 F.Supp. 415, at page 418; United States v. Onan, 8 Cir., 190 F.2d 1, at page 6; and Freed v. Inland Empire Ins. Co., D.C., 174 F.Supp. 458, which stand for the proposition that the requirement of the statute is founded on the assumption that a member of the bar will not indulge in reckless disregard of the truth and therefore attest to the good faith and belief of affiant and that one may not be counsel of record unless a member of the

bar of the Court before which appearance is made.

■ Counsel of record has an obligation to the Court as well as to his client, and a public duty to aid the administration of justice, to uphold the dignity of the Court and respect its authority. United States v. Gilboy, D.C., 162 F. Supp. 384; United States v. Onan, 8 Cir., 190 F.2d 1; and Bishop v. United States, 10 Cir., 16 F.2d 410.

■ With respect to the motions and affidavits filed upon behalf of each of the defendants other than defendant Hoffa, there is no allegation of any bias or prejudice personal to any defendant other than defendant Hoffa. The affidavits of bias filed on behalf of the defendants Campbell, Parks, and King merely adopt by reference the affidavit of Marie Monday filed in the Hoffa motion. These affidavits do not purport to set forth any alleged remarks of the Court with respect to these three defendants. The statute requires that the affidavit of bias show that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." The affidavits here involved do not specify any bias or prejudice of this Court personal to the defendants Campbell, Parks, and King, even when the affidavits are held to be incontestable for falsity. As stated by the Court in Price v. Johnston, 9 Cir., 125 F.2d 806, at 811:

> "* * * The plain purpose of the statute 'was to afford a method of relief through which a party to a suit may avoid trial before a judge having a personal bias or prejudice against him or in favor of the opposite party. That sought to be relieved against is a personal bias or prejudice—a bias or prejudice possessed by the judge specifically applicable to or directed against suitor making the affidavit or in favor of his opponent.' "

See also Knapp v. Kinsey (C.C.A.6, 1956) 232 F.2d 458, at 466; Hurd v. Letts, 80 U.S.App.D.C. 233, 152 F.2d 121; Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273 at page 278; Johnson v. United States, 9 Cir., 35 F.2d 355; and United States v. Gilboy, D.C., 162 F. Supp. 384.

■ Finally, although since this Court is the object of the attempted defamation here sought to be practiced, it does not cast its opinion denying the motion to disqualify upon this ground, the law is well settled that the affidavit of bias and prejudice must be sufficient to fairly convince a sane and reasonable mind that such attitudes on the part of the attacked judge do exist. Fieldcrest Dairies v. City of Chicago, D.C., 27 F.Supp. 258. It is inconceivable that a sane and reasonable mind could believe that this Court during the course of this trial would meet in a public facility with a self-admitted prostitute who was a total stranger and make such expressions as she has sworn to. Surely a judge of the United States of America cannot be prevented by such patent perjury from performing his duty in accordance with the law. Certainly this United States Judge, by such attempted defamation, will neither be deterred from doing his duty in accordance with the law, nor will he be pressured into doing anything but his duty in accordance with the law. Each defendant will continue to receive every right accorded him under the law.

As stated in the case of In re Union Leader Corp. (C.C.A. 1, 1961) 292 F.2d 381, cert. den. 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190;

> "There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is. See Tucker v. Kerner, 7 Cir., 1950, 186 F.2d 79, 85; Sanders v. Allen, D.C. S.D.Cal.1944, 58 F.Supp. 417, 420, appeal dismissed, 9 Cir., 1945, 151 F.2d 534."

The motion to disqualify filed on behalf of each defendant will be overruled and the motion to strike the same sustained.

An order will enter accordingly.