## UNITED STATES v. BURGMAN.
### Cr. No. 442.

United States District Court
District of Columbia.
Feb. 24, 1950.

See also, D.C., 87 F.Supp. 568.

James J. Laughlin, of Washington, D. C., for defendant, for the motion.

Victor Woerheide, of Washington, D. C., opposed.

HOLTZOFF, District Judge.

Herbert J. Burgman was convicted of treason and applies for bail pending appeal. This matter is governed by Rule 46(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the applicable provision of which reads as follows: "Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court."

It is important to observe that the preceding paragraph of the rule, which relates to bail prior to conviction, provides that the defendant *shall* be admitted to bail. The rule further provides that after conviction the defendant *may* be admitted to bail. In other words, after conviction the matter is addressed to the sound discretion of the Court. This discretion may be exercised only if the Court finds that the case involves a substantial question which should be determined by the appellate court.

■ In other words, two requisites must be met in order to justify the enlargement of a defendant on bail pending appeal. First, it must appear that the case involves a substantial question of law. Second, it must appear that the case is one in which, in the discretion of the Court, it is proper to grant bail.

The rule in question is a restatement of Rule 6 of the Criminal Appeals Rules adopted in 1933. One of the purposes of those rules was to restrict the enlargement of convicted defendants on bail for a long period of time. Prior to 1933, this was often done, almost as a matter of course, resulting in what was deemed a serious defect in the administration of criminal justice.

■ When a defendant is convicted, the presumption of innocence vanishes and a heavy presumption of guilt supplants it. In this case the Court is not convinced that there is a substantial question of law, in light of the fact that in the Chandler case, Chandler v. U. S., 171 F.2d 921, the United States Court of Appeals for the First Circuit held that acts such as are involved in this case constituted treason. True the Supreme Court has not passed upon this question. The mere fact, however, that the Supreme Court has not had occasion to decide a question does not justify a conclusion that the question is substantial.

In any event, as a matter of discretion, the Court does not feel that bail should be granted in this case. The defendant was incarcerated for several years prior to the trial. He was not granted bail during that period. It would seem incongruous to grant bail to a defendant who has been convicted, when bail was not granted to him while he was awaiting trial.

The Court is impressed with the point made by the Government, that treason is not an extraditable offense, and that therefore if the defendant while enlarged on bail escaped to a foreign country, there would be no way of compelling his return.

It is important to observe that other persons who have been convicted of similar acts of treason have not been admitted to ■

bail pending appeal, with one exception. Recently one d'Aquino, who was convicted in the Ninth Circuit, was admitted to bail pending appeal by the Circuit Justice for that Circuit, 180 F.2d 271. Each case, however, must stand on its own facts. In that case the Circuit Justice points out that there was a question as to the admissibility of certain confessions alleged to have been made by the defendant, and the applicability of the cases of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170. There is no such question in this case. Therefore, the d'Aquino case seems inapplicable on the present application.

The Court does not feel justified in releasing the defendant on bail pending appeal. The application is denied.