## UNITED STATES v. BRIDGES et al.
### No. 32117.

United States District Court
N. D. California, S. D.
June 16, 1950.

See also D.C., 87 F.Supp. 14.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., R. B. McMillan, Deputy U. S. Atty., San Francisco, Cal., for plaintiff.

Gladstein, Andersen, Resner & Sawyer, Norman Leonard, Vincent Hallinan, San Francisco, Cal., for defendants.

HARRIS, District Judge.

The defendant, Harry Renton Bridges, was convicted after a trial by jury upon an indictment, alleging in substance:

*First Count*: Violation of 18 U.S.C.A. § 88, now 18 U.S.C.A. § 371, on the part of the defendants, Harry Renton Bridges, Henry Schmidt and J. R. Robertson, in that they conspired to defraud the United States by having defendant, Bridges, fraudulently petition for and obtain naturalization.

*Second Count*: Violation of 8 U.S.C.A. § 746(a) (1), now 18 U.S.C.A. § 1015(a), by defendant, Henry Renton Bridges, in that he knowingly made a false statement under oath in the naturalization proceeding.

*Third Count*: Violation of 8 U.S.C.A. § 746(a) (5), now 18 U.S.C.A. § 1425, by defendants, Henry Schmidt and J. R. Robertson, in that they did knowingly encourage, aid, advise and assist defendant Bridges to obtain a certificate of naturalization which was procured by fraud.

After a lengthy trial the jury returned a verdict of guilty as to all of the defendants on the three counts. Specifically, the jury found the defendant, Bridges, guilty on the first and second counts. The verdicts were duly recorded. Thereafter the defendants were sentenced by the Court. Bridges was sentenced to a term of five years.

Immediately upon the pronouncement of sentence, the Government moved the Court for an order revoking, setting aside and declaring void the final order admitting the defendant, Bridges, to citizenship. The motion was based upon section 38(e) of the Nationality Act of October 14, 1940, 8 U.S.C.A. § 738(e). The section reads: "When a person shall be convicted under this chapter of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication."

Upon consideration of the briefs and oral arguments, the Court is satisfied that the opposition to the motion is without merit.

The conviction of Bridges under the second count of the indictment, charging a violation of section 746(a) (1) of Title 8 U.S.C.A. by knowingly making a false statement under oath in the naturalization proceeding, manifestly constitutes a conviction for procuring naturalization in violation of law.

Implicit in the jury's verdict is the finding that Bridges, by false swearing and deceit practiced upon the Court, obtained the certificate of naturalization and procured his naturalization in violation of law.

Harry Bridges has no moral nor constitutional right to retain the privileges of citizenship, if, by false swearing, an imposition was practiced upon the Superior Court of the State of California, without which the certificate of citizenship could not and would not have been issued.

At the time of the pronouncement of sentence, this Court had occasion to remark: "I might say that this marks the end of a long judicial journey, and looking back over the rather broad vistas of the case, it becomes increasingly clear to the Court that the evidence presented by the United States Government is convincing and direct that Harry Renton Bridges lied in the naturalization proceedings when he denied membership in the Communist Party. His guilt was established to a moral certainty and beyond a reasonable doubt by devastating and overwhelming testimony." * * * "By lying and defrauding the United States Government, Mr. Harry Bridges was granted a certificate of naturalization. He was aided and abetted in this respect by the two co-defendants, Mr. Robertson and Mr. Schmidt. Thus and in that fashion Harry Bridges had bestowed upon him the most priceless heritage known to man, citizenship in these United States. In my opinion, his conduct cannot invoke either sympathy or consideration on my part. The jury has spoken The mandate of the law is clear. And the dictates of justice demand that the verdicts be carried out."

Counsel for the defendant Bridges has referred to several authorities pertaining to civil de-naturalization proceedings. They are not controlling nor persuasive.

Bridges stands before this Court as a convicted felon. When a defendant is convicted, the presumption of innocence vanishes and a heavy presumption of guilt supplants it. Cf. United States v. Burgman, D.C., 89 F.Supp. 288, 289.

Under the circumstances herein he should not be privileged to retain the fruits of his illegality.

Counsel for Bridges argue that the trial Court should defer action until the disposition of the appeal which is being prosecuted. Such action is not contemplated by the section in question. It is manifest that "When a person shall be *convicted* * * * the court in which such conviction is had shall *thereupon* revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such

person to be canceled." Section 738(e), 8 U.S.C.A.

The Government is directed to present a decree in conformity with the foregoing and in accordance with said section.

### Decree Revoking, Setting Aside and Declaring Void the Final Order Admitting Defendant Harry Renton Bridges to Citizenship.

Defendant Harry Renton Bridges having procured naturalization on the 17th day of September, 1945, in the Superior Court of the State of California, in and for the City and County of San Francisco, in a naturalization proceeding numbered 28152 in the records of said Court;

And said defendant Harry Renton Bridges having been convicted on the 4th day of April, 1950, in this Court in the above entitled action of violating Section 88 of Title 18 of the United States Code Annotated, now 18 U.S.C.A. § 371 in that said defendant Harry Renton Bridges did conspire with defendants Henry Schmidt and J. R. Robertson to defraud the United States by having said defendant Harry Renton Bridges fraudulently petition for and obtain naturalization by false and fraudulent statements and representations to said Superior Court of the State of California in said naturalization proceeding, and defendant Harry Renton Bridges having also been convicted on said 4th day of April 1950, in this Court in the above entitled action of violating Section 746(a) (1) of Title 8 of the United States Code Annotated, now 18 U.S.C.A. § 1015(a), by wilfully and knowingly making a false statement under oath in said naturalization proceeding before said Superior Court of the State of California; and defendants Henry Schmidt and J. R. Robertson having been convicted on said 4th day of April 1950, in this Court in the above entitled action of wilfully and knowingly encouraging, aiding, advising, and assisting defendant Harry Renton Bridges, not then and there entitled thereto, to obtain, accept, and receive a certificate of naturalization which was to be procured, and was procured by fraud, to wit: by false and fraudulent statements and representations made in said naturalization proceeding before said Superior Court of the State of California;

And judgment and sentence having been pronounced by this Court upon said defendant Harry Renton Bridges on the 10th day of April 1950 in the above entitled action, and the United States of America having thereupon immediately moved this Court for an order revoking, setting aside and declaring void the final order admitting said defendant Harry Renton Bridges to citizenship, and the matter having been fully presented and argued by counsel for the Government and counsel for said defendant Harry Renton Bridges, respectively;

And it appearing, and the Court having found that the conviction of defendant Harry Renton Bridges under the second count of the indictment, charging a violation of Section 746(a) (1) of Title 8 U.S.C.A., by knowingly making a false statement under oath in said naturalization proceeding, constitutes a conviction under Chapter 11 of Title 8 of the United States Code Annotated of knowingly procuring naturalization in violation of law, and the Court being fully advised in the premises;

It Is Hereby Ordered, Adjudged, and Decreed that the final order of the Superior Court of the State of California, in and for the City and County of San Francisco, made and entered on the 17th day of September, 1945, admitting said defendant Harry Renton Bridges to citizenship, be, and the same is, revoked, set aside, and declared void.

It Is Further Ordered that said defendant Harry Renton Bridges surrender up and deliver to the Clerk of this Court certificate of naturalization numbered 6405274, which said certificate was heretofore issued to said defendant Harry Renton Bridges as a result of the aforesaid order of said Superior Court of the State of California, admitting said defendant Harry Renton Bridges to citizenship, made and entered on the 17th day of September 1945.

It Is Further Ordered, Adjudged, and Decreed that said certificate of naturalization under 6405274 be, and the same is, canceled.

It Is Further Ordered that the Clerk of this Court forward such canceled certificate number 6405274 to the Commissioner of Immigration and Naturalization, Washington, D. C., for final disposition and that the Clerk of this Court also forward therewith to the said Commissioner of Immigration and Naturalization a certified copy of this decree.

It Is Further Ordered that the Clerk of this Court transmit a certified copy of this decree to the Superior Court of the State of California, in and for the City and County of San Francisco.

It Is Further Ordered, Adjudged, and Decreed that said defendant Harry Renton Bridges be and he hereby is forever enjoined and restrained from setting up, claiming or exercising any rights, privileges or advantages whatsoever under said certificate of naturalization numbered 6405274 and under said final order of the Superior Court of the State of California, in and for the City and County of San Francisco, made and entered on the 17th day of September 1945, admitting said defendant Harry Renton Bridges to citizenship.