UNITED STATES of America, Plaintiff,

v.

Walter BYSOZOSKI, Defendant.

Cr. A. No. 269.

United States District Court
D. New Jersey.

March 27, 1956.

Raymond DelTufo, Jr., U. S. Atty., James R. Lacey, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Victor S. Kilkenny, West New York, N. J., for defendant.

**HARTSHORNE, District Judge.**

This defendant is indicted on several counts under Title 26, 26 U.S.C. 3616(a) for delivering a false or fraudulent income tax return, with intent to defeat or evade the assessment. He has pleaded guilty to Count 5, charging the filing of a fraudulent return in 1954 for the calendar year 1953, the offense thus falling under the statute as it existed just prior to the 1954 Internal Revenue Code.

When called for sentence, his counsel indicated to the Court a question as to whether Section 3616(a) applied to this income tax offense, but said he would not press the question, since such statute made the offense a misdemeanor, whereas Title 26, § 145(b), admittedly covering substantially the same physical acts on the part of the defendant, and under which he would normally be indicted, made such acts a felony. This was the first the sentencing Judge had heard of any such legal question.

This Court therefore refused to sentence, until after it was satisfied that it had the right to sentence for such income tax evasion under Section 3616(a).

Consideration of the matter clearly indicates this Court can not sentence the defendant under Section 3616 (a). This is because, for the reasons hereafter stated, such statute is inapplicable to the filing of annual returns under the Income Tax Act, the particular offense here charged falling within Title 26, § 145(b), which admittedly covers substantially the same physical and mental acts as Section 3616(a).

(1) The very position of such act in the statutes themselves indicates it is not intended to apply to the income tax, and specifically annual income tax returns. It appears not among the provisions applicable to the income tax—complete in themselves, including Section 145(b)— but among the general tax enforcement provisions of Chapter 34.

(2) Its legislative history compels the same conclusion. The origin of Section 3616(a) was in the Laws of 1864, Chap. CLXXIII, § 15, 13 Stat. 223. As then enacted, it did apply to the Civil War income tax. But this income tax was permitted to die in 1871. The Congress attempted to re-enact an income tax in 1894. But this attempt was declared unconstitutional. Pollock v. Farmers' Loan & Trust Co., 1895, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759. After its death in 1871, no lawful income tax existed till after the enactment of amendment XVI to the United States Constitution, adopted in 1913. Nevertheless, despite the death of this income tax in 1871, and the fact that there was no income tax from then till 1913, the 1864 forerunner of Section 3616(a) was substantially re-enacted in 1877—R.S. § 3179. Thus for thirty-six years thereafter the provisions of Section 3616(a) were substantially in effect, while there was no legal income

808

tax whatever in effect. Section 3616(a) consequently could not then have been intended to apply to any income tax.

(3) In addition, when, after the enactment of Amendment XVI, Congress enacted the forerunner of the present income tax act, it adopted criminal provisions specifically applying to income taxes in Section (F), 38 Stat. 171. These provisions shortly thereafter, in 40 Stat. 1085, were given by Congress substantially the exact wording of the present sections of the income tax, Section 145 (a) and (b). These income tax sections have been substantially re-enacted from then on, to the present day. So have the provisions of Section 3616(a), with its above forerunner, R.S. § 3179. Since Section 145(b) did clearly apply to income taxes, and Section 3616(a) and its forerunner in 1877 and thereafter could not possibly have applied to income taxes, it is inconceivable that the re-enactment of Section 3616(a) could have been intended to apply to income taxes, when same were already fully covered by Section 145(b).

(4) In addition, as above noted, these two statutes—Sections 3616(a) and 145 (b), both cover the same acts, the former as a misdemeanor, the latter as a felony. It is equally inconceivable that the Congress could have intended to make the same act both a misdemeanor and a felony. See Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. The only reasonable explanation of the situation is that shown above, both by the history of these two statutes and their position in the Congressional enactments, i. e., that Section 3616(a) does not apply to income taxes.

It need only be added that none of the cases cited to the Court by either defense counsel or the United States Attorney, are to the contrary. Several of them did not even consider the point here in question. On the other hand, our highest court, in Spies v. United States, supra, has expressly held that Section 145(b) does apply to a situation such as the present. In addition, Dillon v. Unit-

ed States, 8 Cir., 1955, 218 F.2d 97, has held that Section 3616(a) cannot apply thereto. The discussion of wilfulness, in Dillon, as to which question has been raised, is immaterial to the point here in question.

■ Thus, in the present case, the defendant's guilty plea will be reopened, and a plea of not guilty entered. Thereupon the Government is at liberty to find a new indictment, or information on defendant's waiver, under Section 145(b), for defendant's plea thereto, in substitution for the above action taken by him under Section 3616(a). If and when, sentence is reached under the new charge, of course any ameliorating facts, apparently motivating defense counsel now, can be given full effect by the Court under its liberal sentencing discretion under Section 145(b).