UNITED STATES of America
v.
Dr. Anthony J. CINCOTTA.
Cr. No. 31842.

United States District Court
N. D. New York.
Argued May 28, 1956.
Submitted June 1, 1956.
Decided June 6, 1956.

See also 19 F.R.D. 5.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for the United States.

William P. Christy, Jr., Syracuse, N. Y., for defendant.

BRENNAN, Chief Judge.

The sufficiency of the indictment and the jurisdiction of this Court is challenged by the defendant's motion.

This is an income tax evasion case. The defendant is charged in a two-count indictment with the willful attempt to evade and defeat a large part of the income tax due and owing by him and his wife for the calendar years 1949 and 1950. The indictment refers to Title 26 U.S.C.A. § 145(b) as the statute violated.

The motion, although requesting other and further relief, seeks the dismissal of the indictment upon the ground (1) that the indictment fails to charge an offense under Sec. 145(b), Title 26 U.S.C.A.; (2) that the Court lacks jurisdiction to determine either count of the indictment upon the ground that each count charges the defendant with a felony under Sec. 145(b), above, alleging identical facts which constitute only a misdemeanor as set forth in Title 26 U.S.C.A. § 3616(a).

■ The first mentioned ground of attack upon the indictment may be summarily disposed of. The defendant fails to point out any deficiency in either count of the indictment and apparently does not seriously urge same. The motion to dismiss the indictment for failure to charge an offense is therefore denied.

It is evident that the defendant relies upon the recent case of Berra v. United States of America, 351 U.S. 131, 76 S. Ct. 685, as a basis of his claim for relief. The indictment here in both counts is worded similarly to the indictment in the Berra case and defendant's argument is to the effect that the decision in that case dictates that the defendant here should be afforded relief. As I understand the contention of the Government, it is to the effect that the Berra decision in no way decides that the defendant would be entitled to relief at this stage of the case. Actually the question here involves the interpretation and application of the Berra decision.

In the last paragraph of the Berra decision, the Court plainly stated that the only question decided therein was to the effect that the application of either Title 26 U.S.C.A. § 145(b) or § 3616(a) to the evidence produced in that case was a question of law for the Court rather than a question of fact for the jury.

The above statement cannot be disputed but the defendant argues that it is implicit in the language of the decision that the validity of the indictment and the applicability of the two sections were subject to attack and determination by motion prior to the trial itself.

I do not read the decision as requiring relief to the defendant at this time. Certainly there is no holding therein to the effect that the mere fact that the indictment requires identical proof under both of the above mentioned sections requires a holding of insufficiency. In fact, the Berra case does not decide that Sec. 3616(a) is applicable to income tax returns. Such an assumption however is made for the purpose of that case only and is not binding on a lower court.

The Circuit Court of Appeals for the Eighth Circuit in Dillon v. U. S., 218 F. 2d 97, at pages 101–103 discussed the subject at some length and concluded that Sec. 3616(a) was not applicable to an income tax return. That decision was followed by the same Circuit Court of Appeals in Berra v. U. S., 221 F.2d 590, at page 598. Even though the Supreme Court in the same Berra case assumed otherwise, such an assumption is not a decision. This Court is then left with the decision of a Circuit Court of Appeals which, although not binding, is persuasive. United States v. St. Clair, D.C.Va., 62 F.Supp. 795, at page 797. Independent research would indicate a similar decision. Any contention that Sec. 145(b) has been repealed is without basis. Taylor v. U. S., 9 Cir., 179 F.2d 640.

■ The Government has filed an extensive brief that the arguments and conclusions of the dissenting opinion in the Berra case are contrary to reported decisions. It does appear that the moving party seems to rely upon the dissenting opinion in that case but same will not be discussed here, for this Court must take the law as it is rather than to assume that at some future time the dissenting opinion will become a binding precedent.

■ No doubt the decision by the Supreme Court in the Berra case has and will lead to similar requests for relief in many pending income tax cases. It would be unfortunate and tend to confuse, in my opinion, if the District Court should fail to follow the existing decisions merely upon speculation as to what the Supreme Court will eventually decide. The form of indictment found here has been in use for years. No doubt many convictions have been obtained thereunder and it seems more fitting that if any radical change in the application of the statute is to be made, an Appellate Court may more appropriately say so.

The motion is in all respects denied and it is

So ordered.