**UNITED STATES of America**

v.

**ALLIED STEVEDORING CORPORA-TION, John Ward, John Potter, and Michael Bowers, Defendants.**

United States District Court
S. D. New York.

July 20, 1956.

See also D.C., 138 F.Supp. 555.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, Joseph DeFranco, Asst. U. S. Atty., New York City, Martin Carmichael, Jr., Sp. Asst. to Atty. Gen., of counsel, for the United States.

Manes, Sturim, Donovan & Laufer, New York City, Arthur M. Laufer, New York City, of counsel, for defendants.

PALMIERI, District Judge.

The defendants were indicted under § 145(b) of the Internal Revenue Code of 1939 for attempting to defeat and evade income taxes. 26 U.S.C. § 145(b) (1952 ed.). On March 23, 1956, after a trial which lasted approximately seven weeks, they were found guilty by a jury. The individual defendants were all admitted to bail pending the imposition of sentence on April 16, 1956. Sentences were imposed pursuant to the provisions of the statute referred to, as follows: Allied Stevedoring Corporation, $10,000 fine; Michael Bowers, five years impris-

onment and $10,000 committed fine plus one-half of the costs of prosecution; John Potter, one year and one day imprisonment; John Ward, four years imprisonment and $10,000 committed fine plus one-half of the costs of prosecution.

Two motions are now before me:

On July 19, 1956, all the defendants moved to vacate their sentences as illegal. They rely squarely upon the dissenting opinion in the case of Berra v. United States, 1956, 351 U.S. 131, 135, 76 S.Ct. 685.

On the same date, July 19, 1956, Ward and Bowers, the two individual defendants presently incarcerated, and with respect to whom I denied applications for admission to bail at the time of sentence, have now moved anew for bail pending appeal, pursuant to the recently amended Rule 46(a) (2), Fed.Rules Crim.Proc. 18 U.S.C.A., which took effect on July 9, 1956. This new rule provides that: "Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay."

## I.

The Motion to Vacate the Sentences.

Essentially, the question presented by this motion is whether the charge expressly framed by the indictment under § 145(b)[1] was in legal force and effect a charge under § 3616(a)[2]. The defendants' argument is that the violation charged in the indictment could have been drawn in those very words under § 3616(a), and that consequently only the penalty provided by that statute should have been applied upon conviction.

[1]. Section 145(b), Title 26, U.S.Code provides: "Penalties * * * (b) Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than

$10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

[2]. Section 3616(a), Title 26, U.S.Code provides: "Penalties—Whenever any person—(a) Delivers or discloses to the collector or deputy any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made; * * * he shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

The impact of the decision in Berra v. United States, supra, can be of no comfort to the defendants. The majority opinion states, 351 U.S. at page 133, 76 S.Ct. 685, at page 687, that the only question before the Court was whether the jury should have been allowed to decide whether it would apply § 3616(a) rather than § 145(b). The Court held that it was not a question for the jury and that the trial court properly refused a request to charge that a verdict of guilty of "the 'lesser crime'" under § 3616(a) would be permissible. By agreement of the parties before the Supreme Court, it was assumed that § 3616(a) was applicable to income tax returns and the Court made the same assumption, *arguendo*.[3]

The dissenting Justices regarded the majority's hypothesis as a correct statement of law, pointing to the presence in the statute of the words "fraudulent" and "return". 351 U.S. at page 136, 76 S.Ct. 685. The defendants, seizing upon this premise, seek to equate § 3616(a) to § 145(b). But the crime under § 145(b) is a wilful *attempt* in any manner to defeat or evade any tax. The crime under § 3616(a) is *delivery* of a false or fraudulent list, return, account, or statement to the Collector with intent to defeat or evade a valuation, enumeration, or assessment.

Defendants correctly insist that they "could only be convicted of the crime charged in the indictment—and none other." The crime here charged was a wilful attempt to defeat and evade the corporate tax due for 1951, an act expressly condemned by Congress as a felony.

But the appellants argue that if the indictment sets forth, as a means of consummating this attempt, the filing of a false income tax return, then despite the fact that its allegations are expressly couched in the language of § 145(b), it is magically transformed into a misdemeanor charge under § 3616(a).

The anomalies of such an interpretation are apparent:

In United States v. Albanese, 2 Cir., 224 F.2d 879, 881–882, certiorari denied, 1955, 350 U.S. 845, 76 S.Ct. 87, the appellant challenged the Southern District venue of a similar indictment, under § 145(b), which differed from the instant pleading only in that it alleged that the false tax return was prepared and mailed in the Southern District and was filed in the Northern District of New York. The District Court, ruling that the attempt to evade or defeat the tax, and not the filing of the return, was the gravamen of the offense proscribed by § 145 (b), denied defendant's motion to dismiss the indictment. D.C.S.D.N.Y.1954, 117 F.Supp. 736. Defendant was subsequently convicted and sentenced pursuant to § 145(b). In affirming the pretrial denial of the motion to dismiss, and the conviction, Judge Frank, for a unanimous Court, said, 224 F.2d at page 882:

"But the crime specified by 26 U.S.C. § 145(b) is an 'attempt in any manner to evade or defeat any tax'. The actual act of filing is not an essential element of the offense. The defendant's entire course of conduct in the Southern District of New York, from preparing false records to the mailing of false returns, came within the ambit of the 'attempts' statute, and venue was thus proper."

The Court of Appeals for the Second Circuit has held that an indictment brought under § 145(b) need not allege the means by which the attempt was carried out. United States v. Miro, 2 Cir., 1932, 60 F.2d 58, 60. Thus, pursu-

---

**3.** The Circuit Court had held in Berra v. United States, 8 Cir., 1955, 221 F.2d 590, that § 3616(a) had no application to income tax returns, relying on its earlier decision in Dillon v. United States, 8 Cir., 218 F.2d 97, certiorari granted 349 U.S. 914, 75 S.Ct. 603, 99 L.Ed. 1248, writ dismissed, 1955, 350 U.S. 906, 76 S.Ct. 191, wherein it had so held after an exhaustive examination of the statute and its history.

It is interesting to note that § 3616(a) is of ancient vintage, derived from a statute, Act of July 9, 1798, § 11, c. 70, 1 Stat. 580, 586, enacted long before the concept of the income tax was adopted.

ing defendant's reasoning, if an indictment under § 145(b) alleges no means at all, defendants are charged with a felony, yet if the filing of the return is added as the means of implementing the attempt, the crime alleged is changed from a felony to a misdemeanor. Such a conclusion is untenable.

But, totally apart from its conflict with the logic of the Albanese and Miro holdings, the defendants can sustain this argument only upon a showing that § 3616(a) applies to income tax returns. The Courts have held to the contrary. See Dillon v. United States, 8 Cir., 218 F.2d 97, certiorari granted, 349 U.S. 914, 75 S.Ct. 603, 99 L.Ed. 1248, writ dismissed, 1955, 350 U.S. 906, 76 S.Ct. 991; followed in Berra v. United States, 8 Cir., 1955, 221 F.2d 590, affirmed, 1956, 351 U.S. 131, 76 S.Ct. 685; United States v. Dodson, Cr.Docket No. C146–82 (S.D. N.Y. Oct. 27, 1955) (Decision endorsed on moving papers). I have been unable to find any cases in which § 3616(a) was held to be applicable to income tax returns. I do not agree, therefore, with the defendants' contention that § 3616 (a) is the sole and exclusive measure of their guilt. It is extraneous to their guilt.

The defendants must rely on the further assumption that if § 3616(a) is applicable to income tax returns, the facts constituting the offenses under both statutes are coterminous.[4] But this is totally unrealistic. As the Supreme Court said, in Spies v. United States, 1943, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418:

"Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision

that it may be accomplished 'in any manner'. By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct, the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime."

This was clearly illustrated on the trial of these defendants. They conducted a business of substantial volume without customary books of account, by the extensive use of check-cashing services, fictitious names, anonymous billing devices, and large cash transactions.

The thrust of the evidence spelled out a cleverly devised and astutely executed pattern of fraud calculated to conceal income and defeat the payment of corporate income taxes legally due the Government. The scope of the prosecution and the impact of its proof, of which the defendants were sufficiently advised not only by the indictment but by extensive pre-trial discovery,[5] could leave no doubt that the issue joined and submitted to the jury was the accusation that the defendants wilfully attempted to defeat and evade the taxes due and owing by the defendant Allied Stevedoring Corporation for the calendar year 1951.

## II.

The Motion for Bail Pending Appeal.

■ I now turn to a consideration of the two questions raised by Rule 46.

---

4. It was this premise which gave rise to the primary concern of the dissenting Judges that the election thereby lodged in the prosecutor was unjust. 351 U.S. at pages 138–140, 76 S.Ct. 685.

5. See United States v. Ward, D.C.S.D. N.Y.1954, 120 F.Supp. 57; opinion by Goddard, J.

(a)(2), F.R.Cr.P.: First, is this appeal frivolous? Second, is this appeal taken for delay?

With respect to the first question, I have not found a clear or satisfactory definition of the term "frivolous" within the context of the Rule. For want of a better definition, I shall accept the views urged upon me by defendants' counsel and expressed in United States v. Motlow, 7 Cir., 1926, 10 F.2d 657, 662, and D'Aquino v. United States, 9 Cir., 1950, 180 F.2d 271, certiorari denied, 343 U. S. 935, 72 S.Ct. 772, 96 L.Ed. 1343, rehearing denied, 1952, 343 U.S. 958, 72 S.Ct. 1053, 96 L.Ed. 1358. I have considered the alleged errors and I find them to be without merit.[6] To consider them here in detail would unduly prolong this opinion. They have however, been treated with considerable thoroughness in affidavits of Government counsel filed with the Court of Appeals in opposition to defendants' application for bail to the full panel of that Court in the May 1956 session. As to the motion to vacate sentence based upon the dissenting opinion in Berra v. United States, 1956, 351 U.S. 131, 76 S.Ct. 685, made only recently, I have expressed my views hereinabove.

With respect to the second question relating to delay, the defendants, in my opinion, are chargeable with dilatoriness in having failed to accept the offer of Judge Medina for an expeditious hearing of their appeal. In his Memorandum of April 19, 1956, denying their application for bail, Judge Medina stated in part:

"If appellants are so advised they may apply to the Court for an order adding the case to the calendars for May or June, 1956, for prompt disposition, on typewritten briefs and appendices or otherwise."

It was conceded upon the argument before me that the Government had offered to agree on the points to be briefed and to prepare its brief simultaneously with that of the appellants, waiving the usual twenty-day period after the service of the appellants' brief. Had this offer been accepted, appellants would have had nearly two months before the close of the June session in which to prepare for the oral argument. If needless delays on appeal are to be discouraged, this case would seem to be one in point. See Albanese v. United States, 1954, 75 S.Ct. 211; Patterson v. United States, 1954, 75 S.Ct. 256.

■ I turn now to the question of whether in the absence of frivolousness or delay, admission to bail becomes mandatory. Defendants so contend, but I cannot agree. In this respect the text of old Rule 46(a) (2) has been retained in the present Rule: Bail "may" be allowed under certain circumstances. In Williamson v. United States, 2 Cir., 1950, 184 F.2d 280, 281 footnote 4, Mr. Justice Jackson, sitting as Circuit Justice for the Second Circuit, stated in a dictum which scrutinized the legislative history of the former rule, that the granting of bail pending appeal rested in sound judicial discretion notwithstanding that there was a substantial question for determination by the appellate court. See also, United States v. Burgman, D.C.D.C. 1950, 89 F.Supp. 288.

■ Assuming that I am correct in my understanding that I have the right to exercise discretion in this matter, I feel that even if the appeal were not frivolous or dilatory, these defendants should not be admitted to bail.

Prior to imposing the sentences, I requested presentence reports from the Probation Office of this Court. Both defendants proved to be uncooperative. Both defendants refused to provide statements of their financial resources for the confidential use of the Court. It appears that both defendants have enjoyed a standard of living exceeding their as-

---

6. In assessing these contentions, I have heeded the July 13, 1956, Memorandum of Mr. Justice Frankfurter, 76 S.Ct. 1068, sitting as Circuit Justice in the pending petition for bail in this case, wherein he advises that by the amendment, Rule 46(a) (2) has been "greatly liberalized."

certainable sources of livelihood. In fact, Ward flatly refused to reveal how he was currently making his living. They have proved to be defiant and unrepentant.

The defendant Bowers has a serious criminal record. The report of the Probation Office justifies the conclusion that Bowers is an intractable recidivist who for years has flouted government authority and the rights of law-abiding citizens.

The probation report substantiates the conclusion that the defendant Ward has, for years, been a friend and business associate of racketeers and criminals and that he has kept secret his means of livelihood because they are tainted. To admit these defendants to bail in the face of these circumstances would, in my opinion, inflict a wrong upon the law-abiding community which they have so long treated with disdain. Moreover, I believe, on the basis of the information available, that there is considerable motivation for these defendants to flee the Court's jurisdiction and that they have ample means to accomplish this purpose. The probation reports are confidential and are not intended for public circulation. It is distasteful to me to state these conclusions without more but I prefer to avoid a recital of the facts upon which they are based.

I feel constrained to add, although I cannot hold the defendants responsible,[7] that the trial of this case was marked by a series of shocking episodes. They led me to consider, on several occasions, the advisability of confining the jury during the recess periods of the trial. There was an improper attempt to influence a juror who had to be excused in the midst of trial. There was proof of an attempt to seek the destruction of documentary evidence by a former employee of the defendants and a friend of long standing of the defendant Bowers. A former business associate of the defendants, later identified as a convict who had served a twelve year penitentiary

sentence in New Jersey, was evicted from the courtroom on my initiative. He had been continually glaring at Government witnesses on the stand. He was an official of the union local of which the many longshoremen witnesses called by the Government were members. His companion on some of these occasions proved to be an ex-convict, who in 1951 completed a fifteen-year prison sentence for possession of a sub-machine gun. There were a number of friends and business associates of the defendants, who, when called as witnesses by the Government, repudiated pre-trial statements, some of which had been taken only a short time before their appearances. These denials were on numerous occasions palpably false and painful to observe. They were consistently of such a nature as to be helpful to the defendants.

The motion to vacate the sentences and the motion for bail pending appeal are denied.

---

7. But see II Wigmore on Evidence (3d ed.) § 280(2).