**UNITED STATES of America**

**v.**

**Harold John ADONIS.**

**Crim. No. 373-52.**

United States District Court
D. New Jersey.

Oct. 18, 1956.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., by Wilfred W. Hollander, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Milton, McNulty & Augelli, Jersey City, by Joseph Keane, Jersey City, for defendant.

MODARELLI, District Judge.

This is a motion under 28 U.S.C. § 2255 and Rule 35, Fed.Rules Crim.Proc., 18 U.S.C., to correct a sentence. Harold John Adonis attacks this court's sentence of five-years imprisonment imposed upon him on April 2, 1954, following a jury verdict of guilty of criminal income tax evasion in violation of § 145(b) of the Internal Revenue Code, 26 U.S.C. The specific charge of the indictment in the usual form was that for the calendar year 1948 Adonis filed a false and fraud-ulent income tax return for himself and his wife "in violation of Section 145(b) Internal Revenue Code; 26 U.S.C. Section 145(b)." An appeal followed which was unsuccessful. United States v. Adonis, 3 Cir., 221 F.2d 717. He began serving his sentence on April 22, 1955.

The sole question presented by this motion is defendant's claim that he was improperly sentenced under 26 U.S.C. § 145(b) [1] rather than under 26 U.S.C. § 3616(a).[2] He asks for an order vacating and correcting the sentence.

A recent Supreme Court decision has encouraged challenges as to the validity of sentences because of the assumed overlapping of §§ 145(b) and 3616(a). In Berra v. United States, 1956, 351 U.S. 131, 76 S.Ct. 685, the Court held that it is not for the jury to decide whether it would apply § 3616(a) rather than § 145(b). But the Court noted in 351 U.S. at pages 133–134, 76 S.Ct. at page 687 that "No motions addressed to the validity of the indictment, judgment of conviction or sentence under § 145(b) were made before, during, or after trial * * *;" and in 351 U. S. at page 135, 76 S.Ct. at page 688: "Whatever other questions might have been raised as to the validity of petitioner's conviction and sentence, because of the assumed overlapping of §§ 145(b) and 3616(a), were questions of law for the court. No such questions are presented here." [3] The Court of

---

1. "§ 145. *Penalties*

    \* \* \* \* \* \* \*

    "(b) *Failure to collect and pay over tax, or attempt to defeat or evade tax.* Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. "§ 3616. *Penalties*

    "Whenever any person—

    "(a) *False returns.* Delivers or discloses to the collector or deputy any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made * * * he shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

3. Mr. Justice Black in a dissenting opinion, in which Mr. Justice Douglas joined 351 U.S. at page 137, 76 S.Ct. at page 689, said:
    "Apparently the Court means by this [The majority's position that since in

Appeals, however, in affirming Berra's conviction, held that § 3616(a) did not apply to income tax returns and that any instruction to the jury relating to that section would have been irrelevant under the evidence. Berra v. United States, 8 Cir., 1955, 221 F.2d 590, 598.[4] In the Supreme Court, however, both parties agreed "* * * that § 3616 (a) *was* applicable to income tax returns, and we shall assume, *arguendo,* the correctness of that interpretation of the statute."

Consistent with its position in the Berra case, here, the United States assumes that § 3616(a) does apply to income tax returns. It argues, however, that Adonis was properly indicted, convicted, and sentenced under § 145(b) for two reasons: (1) Where a single act violates more than one statute, the United States may elect to prosecute under either, especially when one section requires an element of proof not required by the other section.[5] (2) If there is a conflict between the two sections, § 145(b) prevails.[6]

There are two decisions in addition to United States v. Cincotta, supra, wherein the same or an analogous question was presented as here. In the United States District Court for this District, U. S. v. Bysozoski, 144 F.Supp. 806, Judge Hartshorne found—after an exhaustive history of both sections involved—that since § 145(b) clearly applies to income taxes and § 3616(a) and its forerunners could not have applied to income taxes—there being no income tax law—when § 3616(a) was re-enacted, Congress could not have intended that it be applied to income taxes which were already covered by § 145(b). Judge McGohey in the United States District Court for the Southern District of New York, in the case of United States v. Costello, 46 F.Supp. 63, held "The defendant does not contend that the latter section [§ 3616(a)] repealed the former [§ 145(b)]. His contention is that since both sections cover precisely the same ground, 'the specific offense of filing a false return with intent to evade taxes, under Sec. 3616(a) prevails over the general denunciation of attempting to evade taxes denounced by Sec. 145(b)' and therefore a sentence greater than one year and $1,000 fine on each count is illegal.

"The motion is denied on the authority of United States v. Moran in which the Court of Appeals for this Circuit rejected a similar contention."

---

the lower courts Berra had not properly challenged his sentence under the felony statute, no such question was before the court.] to leave open to petitioner the opportunity to challenge his sentence by a motion to correct it under 28 U.S.C. § 2255, 28 U.S.C.A. § 2255. Of course I agree that a motion under that section would be appropriate, but I think petitioner is entitled to have it settled now."

4. In so holding, the Court of Appeals followed its earlier decision in Dillon v. United States, 8 Cir., 1955, 218 F.2d 97, 101–103. In addition to the two decisions by the Court of Appeals for the 8th Circuit, there is United States v. Cincotta, D.C.N.D.N.Y.1956, 146 F.Supp. 61. It was a motion to dismiss the indictment "* * * upon the ground that each count charges the defendant with a felony under Sec. 145(b) * * * alleging identical facts which constitute only a misdemeanor as set forth in Title 26 U. S.C.A. § 3616(a)." In denying the mo-

tion the court relied on its interpretation of the Supreme Court's Berra opinion as not "* * * requiring relief to the defendant at this time." The court also decided to follow the decisions holding 3616(a) inapplicable to income tax.

5. United States v. Gilliland, 1940, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, is cited as a "complete answer" to Adonis' contention. Rosenberg v. United States, 1952, 346 U.S. 273, 294, 73 S.Ct. 1152, 97 L.Ed. 1607 is also cited. United States v. Beacon Brass Co., 1952, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61.

6. United States v. Tynen, 1870, 11 Wall. 88, 20 L.Ed. 153, and United States v. Yuginovich, 1921, 256 U.S. 450, 41 S. Ct. 551, 65 L.Ed. 1043, are cited for the proposition that "Where, as here, a statute is passed subsequent to one already enacted, the later enacted statute controls and the older statute must give way." United States v. Moran, 2 Cir., 1956, 236 F.2d 361.

Both of these unreported decisions were filed in 1956.

There is ample decisional law to support the conclusion that § 145(b) is a legal basis for prosecution of income tax evasions by means of filing a false and fraudulent income tax return. I shall cite only the United States Supreme Court case, Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L. Ed. 150.

I conclude, therefore, that the defendant was properly tried, convicted, and sentenced under § 145(b) of the Internal Revenue Code of 1939.

Motion denied.

An order may be submitted in conformity with the opinion herein expressed.