## In re SHEPHERD.

United States Court of Appeals
First Circuit.
March 14, 1952.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

We have received from petitioner, now a prisoner in the federal penitentiary at Leavenworth, Kansas, a document, with enclosures, which upon a liberal reading we interpret as an original application to us for leave to file a petition for a writ of mandamus directing the United States District Judge for the District of New Hampshire, or the clerk of court, to receive for filing and disposition a "Petition to Correct an Illegal Sentence", pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The papers submitted to us include a letter from the clerk of the district court to petitioner, dated February 12, 1952, returning the petition with the notation that the court was "of the opinion there is no relief for you in this district."

The petition which Shepherd sought unsuccessfully to file in the district court recited that petitioner was sentenced to three years imprisonment by judgment of the United States District Court for the District of New Hampshire on October 18, 1944, pursuant to his conviction, on plea of guilty, of offenses in violation of 18 U.S.C. § 76 (1940 ed.)[1]; that his plea of guilty in such case was based upon a forced confession obtained unlawfully by law enforcement authorities by means of fraud, promises and threats; that he entered his plea of guilty under a misapprehension of the nature of the offense charged. The petition further alleged that petitioner is pres-

ently "unlawfully under issuance of a warrant issued by the United States Board of Parole" pursuant to the aforesaid sentence and that "the judgment, sentence and commitment issued pursuant to said indictment, and the warrant above referred to, and his confinement by the United States Attorney General under said sentence are unlawfully contrary to the Constitution of the United States and Laws thereof."

It appears that petitioner has not made an accurate and candid disclosure of his present situation, either in his petition for correction of sentence or in his present application to this court. In response to an inquiry addressed by the clerk of this court to the United States Board of Parole, the Parole Executive, under date of March 5, 1952, offered the following additional information: "Shepherd is presently serving a four-year sentence imposed March 17, 1949 by Judge Arthur J. Mellott at Hutchinson, Kansas for Impersonating a Naval Officer. He was denied parole in November, 1950. The Board has placed a conditional release violator warrant against him as a detainer charging him with the violating the terms of his release on a prior term consisting of one 3-year sentence imposed October 18, 1944 at Concord, New Hampshire and an 18-month sentence imposed to run consecutively on April 10, 1945 at Grand Island, Nebraska for an aggregate term of 4½ years. Both offenses charged him with impersonating a Naval Officer."

In Cook v. United States, 1 Cir., 1948, 171 F.2d 567, 570 certiorari denied 1949, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088, we pointed out: "A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law. The short time limit upon motions in arrest of judgment, as provided in Rule 34, cannot be circumvented by a motion at any time after conviction for vacation of judgment and sentence on the ground of defects in the indictment upon the theory that such a motion is merely a motion to 'correct an il-

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 912.

159

legal sentence' under Rule 35. The object of such a motion would be not to 'correct' a sentence but to be relieved of it altogether." Upon the allegations in his petition, Shepherd obviously did not state a proper case for relief under Rule 35 of the Federal Rules of Criminal Procedure.

We have no present occasion to consider whether Shepherd, upon a petition to the United States District Court for the District of New Hampshire, properly framed under 28 U.S.C. § 2255, would be entitled, if the allegations of the petition were established, to have that court's judgment, entered October 18, 1944, vacated and set aside, notwithstanding the fact that petitioner is presently not in confinement pursuant to such judgment but rather is now serving a 4-year sentence imposed March 17, 1949, by the United States District Court for the District of Kansas upon conviction for another offense. Cf. United States v. Bradford, 2 Cir., 1952, 194 F.2d 197.

The petition for leave to file a petition for writ of mandamus is denied.