UNITED STATES of America

v.

James O. McCUE, Sr., Defendant.

Crim. No. 9476.

United States District Court
D. Connecticut,
Criminal Division.
March 20, 1958.

Simon S. Cohen, U. S. Atty., D. Connecticut, Hartford, Conn., John Burke, Dept. of Justice, Washington, D. C., for plaintiff.

Raymond E. Hackett, Cummings & Lockwood, George F. Lowman, Stamford, Conn., Charles W. Steadman, Cleveland, Ohio, for defendant.

ANDERSON, District Judge.

On March 12, 1957 the Grand Jury, sitting at New Haven, Connecticut, returned an indictment against the defendant James O. McCue, Sr., charging him in two counts with violations of Section 145(b) of the Internal Revenue Code of 1939 (26 U.S.C. § 145(b)) and alleging that he willfully and knowingly attempted to evade and defeat a large part of the income tax due and owed by him and his wife by filing a false and fraudulent joint income tax return for the calendar year 1950 in the first count and for the calendar year 1951 in the second count. Each count of the indictment specifically stated the amounts of the false income and false tax reported in the return and the sums which the Government charged the defendant knew to be the true income and the actual tax due.

On April 15, 1957 the United States District Attorney and defense counsel joined in requesting an immediate arraignment of the defendant and disposition of the case. Defense counsel particularly urged humane consideration of the defendant's precarious condition of health which was being aggravated by the nervous strain caused by the pendency of the charges. It then appeared that the Probation Officer had, since April 10th, been working on the case and was ready to make an oral report. The Court was also then advised that as the result of the District Attorney's study of the problems in the case and a discussion between the District Attorney and defense counsel the Government was prepared to present the defendant on two counts under Section 145(a) of the 1939 Code, each charging him with the misdemeanor of willfully failing to supply correct information for the purpose of computation, assessment or collection of his income tax. Counsel for the defendant stated that the defendant would ask to plead nolo contendere to these two misdemeanor counts. The District Attorney further stated that he would not object to a motion by the defense to dismiss the indictment.

Shortly thereafter on the same day the defendant appeared in court for arraignment. The District Attorney handed to the Clerk the written information (Court's Exhibit A) charging two counts of failing to supply correct information, and setting forth the factual allegations as to the false sums reported as income and as tax due and the true income and actual tax due, in exactly the same words as those used in the indictment. It was duly signed by the District Attorney. It was handed to and examined by the Court and returned to the Clerk. A copy had been furnished the defendant and had been read by the defendant and his counsel. The District Attorney stated the Government's position and the defense counsel stated the defendant's willingness to plead (understood by all to mean a plea of nolo contendere) to the charges in the information. The defendant waived the statute of limitations as it affected the misdemeanor charges.

The Court ordered the information filed. At this point in the proceedings giving weight to the humane considera-

tion urged by defense counsel, the Court had decided to permit the accused to plead nolo contendere to the two counts in the information and impose such penalty as might seem fit and to that extent then and there dispose of the case. However, aspects of the Probation Officer's report left the Court not fully satisfied that the indictment should be dismissed, and it thereupon decided that instead of pleading directly to the information the accused might plead nolo contendere to the same charges set forth in the information but as lesser included offenses of the felony charges described in the indictment. This was proposed by the Court and acceded to by the Government and the defendant. Both took the position when asked by the Court that the misdemeanor charges expressed in the information (which were the only misdemeanor charges in anyone's contemplation) were lesser included offenses of the offenses charged in the indictment.

At that time the Court was of the opinion that this procedure would leave the indictment outstanding to be invoked for further prosecution if the Government after additional study of the case decided that there was substantial proof of an attempt to evade. The Court was then also of the opinion that such later proceedings on the indictment would not constitute double jeopardy.

In adopting this assumption, the Court is now satisfied that it was in error, particularly in view of the absolute identity between the basic factual allegations of the income and tax falsely reported and the true income and tax claimed by the Government, as set forth in both the felony charges under Section 145(b) and the misdemeanor charges under Section 145(a). Grafton v. U. S., 1907, 206 U.S. 333, 349, 27 S.Ct. 749, 51 L.Ed. 1084; Ekberg v. U. S., 1 Cir., 167 F.2d 380, 386.

The defendant pleaded not guilty to the indictment but nolo contendere to the lesser included offense of failure to supply proper information. He was found guilty on the misdemeanor charge of both counts, was fined $10,000 on each count and sentenced to one year imprisonment on each count, the execution of the sentences which were to run concurrently, was suspended and he was placed on probation for two years. The fines were paid; and, since the date of the sentence, the defendant has reported regularly to the Probation Officer.

After proceeding in this manner on the indictment, the written information was without leave or knowledge of the Court (but under the circumstances understandably) picked up by the District Attorney and returned to his files. When later a question arose as to the definiteness of the charges against the defendant, the District Attorney, at the request of the Court, returned the information to the Clerk.

On April 22, 1957 the Government filed a motion to vacate the judgment of conviction on the ground that the Court was without jurisdiction to render a judgment of conviction on the Section 145(a) violation. The motion was heard on February 18, 1958, the delay being due to a reexamination of evidential material in the case by both parties.

The Government's motion to vacate the 145(a) conviction was filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C., which authorizes the correction of an illegal sentence at any time. The bases of the motion are (1) that Section 145(a) was not necessarily a lesser included offense of Section 145(b) and (2) that there was not a formal and sufficient charge before the Court. On the basis of these related contentions, the Government claims that the Court was without jurisdiction and that the judgment against the defendant is, therefore, void.

The Government's mode of procedure in pressing its claims makes it doubtful whether it is entitled to the relief requested. For, preliminary to an examination of the merits of its claims, the Government should demonstrate that there is authority to attack by motion under Rule 35 the Court's power to convict the accused. The motion to correct a sentence under Rule 35 presupposes a

valid conviction. Fooshee v. U. S., 5 Cir., 203 F2d 247; Estep v. U. S., 5 Cir., 223 F.2d 19, certiorari denied 350 U.S. 862, 863, 76 S.Ct. 105, 100 L.Ed. 765; Duggins v. U. S., 6 Cir., 240 F.2d 479; In re Shepherd, 1 Cir., 195 F.2d 157. No one suggests in the present case that there is anything wrong with the sentence itself. The Government relies on the case of De-Benque v. U. S., 1936, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839, for the proposition that it is proper for the Government to move for the correction of an illegal sentence. But the DeBenque decision is not authority for the point the Government must establish, since in that case the sentence had been invalidated by action of the defendant in a habeas corpus proceeding. The Government should also show some authority for a direct attack by the United States, in a criminal case, on a judgment of conviction, but it offers none; and since it could not have appealed the conviction or acquittal, 18 U.S.C. § 3731, or moved for a new trial, as it conceded at the hearing, even if the claimed invalidity is based on jurisdictional grounds, it should not be allowed to utilize the motion to vacate to attack directly the judgment of conviction on the misdemeanor here.

However, the merits of the Government's position must necessarily be met in considering the still pending motion to dismiss the indictment, which may as well be dealt with here and, indeed, must be if any consideration is given to the merits at all, for if the misdemeanor offense of Section 145(a) is a lesser included offense in the felony charged under Section 145(b) of the indictment, the misdemeanor conviction under the principles of double jeopardy will prevent prosecution on the felony indictment, Grafton v. U. S., supra. The Government conceded this at the oral argument. Of course, if this Court rendered judgment on the misdemeanor charge without having jurisdiction, the conviction on the lesser offense would be a nullity and no bar to the prosecution under the indictment. Therefore, before the indictment can be dismissed the two related claims advanced by the Government must be considered. Since the defendant in open court moved to dismiss the indictment in April, 1957, and the Court did not rule on that motion, and, although the Government then consented to the granting of the motion, it has now clearly changed its mind and opposes it, the Court will weigh the merits of the Government's contention in relation to dismissing the indictment.

The defendant was charged in a two-count indictment with willfully and knowingly attempting to evade and defeat federal income taxes by filing a false return in violation of Section 145(b). After pleading not guilty to these charges, he pleaded nolo contendere and was found guilty on two counts of failure to supply correct information for the purposes of computation, assessment or collection of federal income taxes in violation of Section 145(a). The test to be employed in determining whether or not the 145(a) violation is a lesser included offense in the 145(b) violation is whether or not it is possible to commit the greater offense without having first committed the lesser. The Government recognizes this formula, set out in James v. United States, 9 Cir., 238 F.2d 681, 683, as the proper test.

Considering the misdemeanor offense in relation to the felony offense charged in each count of the indictment, the question is whether or not it is possible to attempt to evade federal income taxes by filing a false return without failing to supply correct information for the purpose of computation, assessment or collection of federal income taxes. It seems clear when the offenses are analyzed that "failure to supply correct information" is necessarily violated when "attempt to evade by filing a false return" is violated. The Government at the hearing and in its memorandum has offered no explanation or examples of how the attempt to evade by filing a false return can be accomplished without, necessarily and as a material element thereof, also failing to supply correct information.

The Government says, "Section 145(a) is not necessarily violated by every instance of inadequate information". This is, of course, true, but where the inadequate information is not a violation of 145(a) it also does not constitute and cannot constitute one of the essential elements of the felony of attempting to evade by filing a false return, 145(b). If, however, the inadequate information *does* constitute a violation of 145(a), it necessarily qualifies as and is an essential element of the felony of attempting to evade by filing a false return where there are present those additional essential elements to "lift the offense to the degree of felony". Spies v. U. S., 1942, 317 U.S. 492, 63 S.Ct. 364, 368, 87 L.Ed. 418. If the inadequate information constitutes a violation of 145(b), it necessarily involves a violation of 145(a). It follows and the Court so holds, that the Section 145(a) offense charged here was necessarily a lesser included offense of the Section 145(b) offense charged in the indictment.

Both parties rely heavily on the leading case of Spies v. U. S., supra. At issue in Spies was whether or not the failure to pay a tax, if willful, would without more permit conviction on both Sections 145(b) and 145(a). The Supreme Court held that Section 145(b), making it a felony willfully to attempt to evade or defeat a tax is not violated by willful omissions to make a return and to pay a tax, which are defined in Section 145(a) as misdemeanors. The Court said, in effect, that some factor in addition to those needed to convict under Section 145(a) is needed to sustain a 145(b) conviction. Implicit in the Court's decision is that the felony offense includes the misdemeanor offense plus the added factor. "Willful but passive neglect of the statutory duty may constitute the *lesser offense*, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means *lifts* the offense to the degree of felony." Spies v. U. S., supra, 317 U.S. at page 499, 63 S.Ct. at page 368 (emphasis added).

The Government argues that because the felony statute, 145(b), says attempt to evade "in any manner" and the possible manners by which evasion may be attempted are legion, there are always numberless ways of committing this felony offense without necessarily committing the misdemeanor of failing to supply correct information as an essential element. The Government, in effect, precludes the possibility of there ever being a lesser included offense to 145(b) —which is a result flatly contrary to the Supreme Court's interpretation of 145 (b). "We think it clear that this felony *may include* one or several of the other offenses against the revenue laws." Spies, 317 U.S. at page 497, 63 S.Ct. at page 367 (emphasis added). The Government cites these words from Spies to argue that the offenses charged in 145(a) are not "not necessarily and inherently included" in any charge of violating Section 145(b). The language of the Spies case, however, cannot sustain the Government's position that the 145 (a) offense upon which the defendant was found guilty here is not necessarily an included offense in the 145(b) offense charged in the indictment. Of course, it *may be* conceivable that a manner could be devised for attempting to evade income tax so that *none* of the offenses of 145(a) or of other revenue laws are violated. That possibility, however, does not mean that an attempt to evade by filing a false return does not necessarily include the offense of failure to supply correct information.

The Government concludes its argument on this point with this statement: "But to conclude that some one or all of the various offenses defined in Section 145(a) is necessarily and inherently included in *any charge* of violating Section 145(b) is equivalent to saying that because assassination of the President could well be the means of committing treason then a charge of treason necessarily includes murder as a lesser offense." However, at issue here is not "any charge" of violating Section 145 (b), but the charge of attempting to

evade a tax by filing a false return. Furthermore, applying the test which is adopted here it is clear why a charge of treason does not necessarily include murder as a lesser offense: it is clearly possible to commit treason without committing murder.

The more recent Supreme Court opinion in Berra v. United States, 1956, 351 U.S. 131, 76 S.Ct. 685, 688, 100 L.Ed. 1013, makes it clear that it is the offense charged in the indictment under Section 145(b) not the bare words—"in any manner"—of Section 145(b) which must be used in the test to see if the misdemeanor charge of another section is a lesser included offense. In Berra, the Court had to determine whether or not the misdemeanor offense of delivery of a false return with intent to evade taxes in Section 3616(a) was a lesser included offense in the felony offense of willfully attempting to evade taxes by filing a false return in Section 145(b). The Court concluded that it was not, for the reason that the offenses "covered precisely the same ground", and that, therefore, to allow both offenses to go before the jury would be to allow the jury to fix punishment, which is not its function, since the offenses carry different sanctions. It is implicit in Berra, that if the felony offense included something in addition to the misdemeanor offense, the defendant would have been entitled to a requested charge on the lesser included offense. It follows that since the Supreme Court specifically held in Spies that the offense in Section 145(b) does include something more than the offenses in Section 145(a), that the latter can be lesser included offenses of the offense charged in 145(b), and, it further follows, when the 145(b) offense, as it is here, is by means of filing a false return it necessarily includes the offense of failure to supply correct information. The fact that the Supreme Court has, since Berra, ruled that Section 3616(a) does not apply to income tax returns at all,

Achilli v. United States, 1957, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed. 918, does not detract from its use in this analysis. For at the time of Berra, the Supreme Court assumed, as the Government states in its brief, that Section 3616(a) was applicable to income tax returns. The manner in which it applied the lessor included offense test is decisive of how we must apply the test here.

The Government's reliance on three circuit court cases—United States v. Kafes, 3 Cir., 214 F.2d 887, Lee v. United States, 9 Cal., 238 F.2d. 341, and Dillon v. United States, 8 Cir., 218 F.2d 97—which have been decided since Spies is also misplaced.

In Kafes, where the defendant was convicted of violations of both 145(a) and 145(b), he was charged in the indictment with attempt to evade a tax by failure to keep proper records. Apparently the 145(a) offense on which he was found guilty was failure to file a return.[1] Applying the lesser included offense test, it is obvious why the Court held that convictions on both offenses could stand: it is possible to violate the offense of attempting to evade by failure to keep proper records without violating the misdemeanor offense of failure to file a return.

In Dillon, the requested charge was denied not because none of the four offenses of 145(a) was necessarily included in the felony offense, but because the evidence did not show violations of the two misdemeanor offenses upon which the charge was requested. The Court stated, "Hence the universal rule that it is not error to fail to instruct on an offense not presented by the evidence applies." Dillon v. United States, supra, 218 F.2d at page 101.

In Lee, the defendant was indicted for attempting to evade a tax by filing a false return under 145(b) and requested a charge on the misdemeanor offense of failure to pay a correct income tax. Un-

---

1. Although it is not clear from the report of the Kafes case by what means the defendant was attempting to evade the tax, it is clear from the request for a bill of particulars which was granted. United State v. Kafes, 3 Cir., 214 F.2d 887, 889.

der the test adopted here it is difficult to see how the Lee decision is justified since if there is no 145(b) violation unless a tax is owing, the misdemeanor offense of failure to pay a correct tax must be violated in order to violate such a charge under 145(b). The Lee decision—although purporting to be based on Spies, Berra, Kafes and Dillon—is, therefore, not persuasive. However, even if Lee is authority for the proposition that the offense of failure to pay a correct tax in Section 145(a) is not necessarily a lesser included offense in the offense of attempting to evade a tax by failure to file a return, it is not authority that one of the other offenses in Section 145(a)—failure to supply correct information—is not a lesser included offense in a charge of attempting to evade a tax by filing a false return in 145(b) which is the issue in the present case.

■ Therefore, since the 145(a) offense upon which the defendant was convicted is necessarily a lesser included offense in the crime charged in the indictment, principles of double jeopardy prevent further prosecution on the outstanding indictment. Grafton v. U. S., supra, 206 U.S. at pages 349–350, 27 S.Ct. 749. It follows that the indictment should be, and hereby is, dismissed.[2]

Up to this point the lesser included offense issue has been discussed in the context of double jeopardy. The Government's argument that the offense pleaded to by the defendant was not a lesser included offense of the charge in the indictment—although relevant to the double jeopardy point—has primarily been designed to demonstrate that the

Court was without jurisdiction. The Government reasons that since the misdemeanor is not a lesser included offense in the felony no proper charge or accusation against the defendant was before the Court and, therefore, the Court had no jurisdiction. Under the Government's analysis, once the lesser included offense argument is decided against it, as the Court has done, the want of jurisdiction argument fails.

■ But considering how the lesser included offense question arose in the context of this case, the problem is not really at issue on the determination of jurisdiction. The lesser included offense question arises primarily in two contexts: (1) on the sufficiency of the charge when a certain charge has been requested and (2) in the double jeopardy context when it is necessary to decide if being put to jeopardy on the lesser offense bars further prosecution on the greater offense. All of the cases cited by both parties discuss the problem in one of these contexts. Under Rule 31(c) the defendant may be found guilty of a lesser included offense and it is uniformly held that he is entitled as a matter of right to a charge to the jury to that effect whether or not the Government agrees to it. But in this case, the question of lesser included offense arose at the time the defendant was put to plea. Neither party even suggests that the defendant would be entitled as a matter of right to plead guilty to an offense which is lesser but included in the offense in the indictment if the Government did not consent.[3] In this case, the Government initiated, or at the very least agreed to, the propo-

2. It should be noted, even though both parties agree that if the 145(a) charge is lesser and included in the 145(b) offense double jeopardy principles bar further prosecution on the 145(b) charge that this decision on double jeopardy is not based on Green v. United States, 1957, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed. 2d 199, upon which defendant relies. Unlike the Green case, there was here no trial on the higher offense. This is so because in the case at bar the guilty finding was based on a plea; in Green,

the verdict of guilty of the lesser included offense was returned after a trial on the greater offense.

3. One case has been found where it was held that a defendant had a right to have a plea to a lesser included offense accepted by the court, United States v. Linnier, C.C., 125 F. 83. However, in the Linnier case, the plea technique was developed because the defendant was entitled to a new trial on a previous trial. The trial judge had just heard all of the evidence in the case.

sition that the defendant be prosecuted on the misdemeanor. Without the Government's consent, the Court would not have allowed the pleas of nolo contendere to be entered on the misdemeanor charge. If the case had gone to trial, the defendant would have been entitled to a charge on the lesser included misdemeanor, regardless of the Government's position on the matter. In this context where the Government's acquiescence was crucial, a lesser included offense question was really not at issue. The action taken was, instead, a matter of the exercise of the Government's power of discretionary prosecution. The Grand Jury's return of a true bill indictment did not mean that it was mandatory for the United States Attorney to prosecute under the indictment. The Government theoretically could have prosecuted the defendant on information for other crimes, whether or not they were lesser included in the offense charged in the indictment. The prosecution on the other offenses would not lead the Court to dismiss the indictment, unless the other offenses were lesser and included in the one charged in the indictment. But whether or not they were lesser included offenses would not affect the jurisdiction of the Court, because in the exercise of his powers of discretionary prosecution, the United States Attorney can prosecute on information for other crimes, lesser included in or unrelated to the charge in the indictment. The lesser included offense analysis is not necessary to determine jurisdiction but is relevant in considering whether or not to dismiss the indictment. For analogous illustration: if the case at bar had gone to trial and the Court had charged that the 145(a) offense was lesser and included in the 145(b) offense charged; and if the Court had been in error on this point, the Court, nevertheless, would not have been divested of its jurisdiction.

■ However, the Government also contends in connection with its lesser included offense argument that there must be a formal and sufficient accusation against the defendant and that the defendant cannot be convicted without such an accusation even if he voluntarily submits himself to the court's jurisdiction. On this specific point the authorities are in accord with the Government. Albrecht v. United States, 1927, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505. It, therefore, becomes necessary to determine if there was a formal and sufficient charge against the accused for the offense upon which he stands convicted.

■ The Government's analysis that the sufficiency of the charge and, therefore, jurisdiction depends on whether or not the 145(a) offense is a lesser included offense in the 145(b) charge is not really germane to the problem as pointed out above. However, even if the Government's analysis is accepted, arguendo, on this point, there is a sufficient and formal accusation once the Court finds the 145(a) offense is lesser and included in the 145(b) charge, which the Court has here found in relation to the double jeopardy question, supra.

The indictment itself was a formal and sufficient charge both of the felony charge of attempting to evade the tax by filing a false return and of the lesser misdemeanor charge of failing to supply correct information, which was included within it. The factual allegations of the false features of the return for the felony and the description of information which the defendant failed to supply, which support the misdemeanor charge, were exactly the same—word for word. Moreover whereever in the course of a prosecution there is a use of the principle of the lesser included offense—whether for the purpose of Rule 31(c) or elsewhere—it is not and never has been the practice to file an additional document or piece of paper by way of a pleading setting out the charge of the lesser included offense. If an accused is indicted for first degree murder he can be found guilty of second degree murder without the necessity of the Grand Jury returning a separate indictment against him for second degree murder to be added to the pleadings.

■ Furthermore, it can be said in the context of this case that the physical

piece of paper labeled an indictment represented the 145(a) charges in the information as well as the 145(b) violations. Since Rule 7(c) specifically provides that "Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if error or omission did not mislead the defendant to his prejudice * * *", the document labeled indictment was a proper Section 145(a) accusation. This analysis does not mean that the greater offense charged by the Grand Jury was amended. It simply means that the piece of paper labeled indictment represents the felony charges as well as the misdemeanor charges—even without consideration of whether or not the latter is lesser and included in the former.

 Moreover, in this case there actually was a formal written information, signed by the United States District Attorney, (Court's Exhibit A) charging the defendant with a violation of 145(a) in exactly the same words (except for the characterizing description of the offense) as the words of the lesser included offense of the indictment. In fact, though the defendant did not formally plead to the piece of paper described as the information, he did plead to the very same words of the very same misdemeanor charge but as a lesser included offense of the indictment. The defendant and his counsel had full cognizance of the indictment and information. They had copies of both and had thoroughly read and studied both and had fully discussed them with the District Attorney. Wherever the term "lesser included offense" was used to describe the charge against the defendant under 145(a), the Court, the Government and the defendant all had in mind the precise words of the information and nothing else, and that is the charge in two counts to which the defendant pleaded nolo contendere and on which he was convicted, fined and sentenced.

Clearly the total effect of the proceedings on April 15, 1957, was a conviction of the defendant upon two counts of failing to supply correct information in violation of Section 145(a). The Government intended to present him on that charge and did so. At the time it took no exception to the procedure followed. Meanwhile, nearly a year has passed. The defendant has paid his fines and has served nearly half of his term of probation with a prison penalty hanging over his head.

The Court is satisfied that there was a formal and sufficient accusation against the accused under Section 145(a) and that it had jurisdiction to convict the defendant of the offenses charged.

The Government's motion to vacate is denied and the indictment is dismissed.